[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 12-10431

————————————————

D.C. Docket No. 3:11-cv-01261-RBD-JBT

KENNETH FORD,

Plaintiff-Appellant,

versus

MARK HUNTER, Sheriff,
BENNIE COLEMAN, Captain, Jail Administrator,

Defendants-Appellees.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(August 12, 2013)

Before DUBINA, JORDAN and BALDOCK,* Circuit Judges.

BALDOCK, Circuit Judge:

---

* Honorable Bobby R. Baldock, United States Circuit Judge for the Tenth Circuit, sitting by designation.

With the passage of 28 U.S.C. § 1915A, Congress provided district courts the opportunity to screen certain prisoner lawsuits quickly. Through this process, district courts determine whether the complaint, or any portion of the complaint, should be dismissed because it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b). But in conducting its review, the district court must construe a *pro se* prisoner's complaint liberally. Green v. Nelson, 595 F.3d 1245, 1254 n.4 (11th Cir. 2010). In this case, the district court determined upon screening pursuant to § 1915A that Plaintiff's complaint was frivolous and dismissed the complaint "without prejudice." Exercising our jurisdiction under 28 U.S.C. § 1291, we reverse and remand.

I.

Law enforcement arrested Plaintiff on murder and arson charges. While a pretrial detainee at the Columbia County Detention Facility, Plaintiff filed a complaint in the United States District Court for the Middle District of Florida alleging the following facts. In 2010, Plaintiff requested access to the detention facility's law library. The jail denied his request because a public defender represented Plaintiff. In May 2011, Plaintiff began writing outside sources for legal assistance. Plaintiff received a letter from the Florida Bar in July 2011, which "had been opened and taped back together" before being "put under

2

[Plaintiff's] door" while he slept.  In August 2011, a jail corporal brought Plaintiff mail that "was clearly marked legal mail and had the ACLU logo on it," but had been opened and taped back together.  The corporal told Plaintiff she received the letter in that condition.

Plaintiff filed an informal grievance.  Defendant Captain Bennie Coleman told Plaintiff the grievance was approved and he would remind the staff that legal mail should be opened in Plaintiff's presence.  But that same month, Plaintiff received a letter from an attorney that was clearly marked legal mail that had been opened and taped back together.  Plaintiff complained to a guard.  A sergeant returned the letter to Plaintiff, having written on it that it was opened by mistake and had not been read.  After that incident, Plaintiff filed another grievance. Defendant Coleman told Plaintiff he would "stop [Plaintiff's] legal mail and give it to [Plaintiff] at his convenience" if Plaintiff did not stop complaining.  Plaintiff alleged he stopped complaining because he needed his legal mail.  Plaintiff later wrote Defendant Coleman to see if he could appeal his decisions.  Coleman, however, told Plaintiff he had "exhausted all [his] grievances at [the] jail."

Plaintiff then filed his complaint in the district court.  He explicitly alleged Defendants violated the Fourth Amendment and the Florida Model Jail Standards. He requested that the Government not be allowed to use any information obtained

3

from the legal mail against him in court and for the sheriff to install a secure box for legal mail, allow access to the law library, and pay all filing fees. The district court dismissed the complaint on screening pursuant to 28 U.S.C. § 1915A without explaining how it construed Plaintiff's claims.[1] The court held Plaintiff did not allege the required injury to make out an access to courts or First Amendment claim. Further, the court concluded Plaintiff did not state a claim pursuant to the Due Process Clause or the Fourth Amendment. In its order, the district court dismissed the complaint "without prejudice" and ordered the clerk of court to "close this case." Because the district court dismissed the case pursuant to § 1915A, Defendants have never appeared.

Plaintiff appealed and we appointed counsel. On appeal, Plaintiff argued the district court erred (1) in dismissing Plaintiff's First Amendment free speech claim, (2) in dismissing Plaintiff's Sixth Amendment claim, (3) by failing to liberally construe Plaintiff's First Amendment retaliation claim, and (4) by not

---

[1] At the time Plaintiff filed his complaint, he was proceeding *pro se*. As mentioned above, the law is well established that "*pro se* pleadings are generally held to a less stringent standard than pleadings drafted by attorneys, and thus should be liberally construed." Green v. Nelson, 595 F.3d 1245, 1254 n.4 (11th Cir. 2010). "[W]e read *pro se* briefs liberally to ensure that such litigants do not, through their ignorance of legal terminology, waive claims." United States v. Hung Thien Ly, 646 F.3d 1307, 1316 (11th Cir. 2011). But, *pro se* litigants "must present a claim in clear and simple language such that the district court may not misunderstand it." Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013). In the future, the district court should expressly state whether it construes a complaint liberally.

4

applying the so-called Cohen exception when examining Plaintiff's Fourth Amendment claim.  We address his arguments in turn after concluding we have jurisdiction over Plaintiff's appeal.[2]

## II.

The Prison Litigation Reform Act requires a court to review at the onset "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The district court should dismiss the complaint if it is frivolous, malicious, or fails to state a claim upon which relief may be granted.  § 1915A(b).  In this circuit, our standard of review on appeal depends on whether the § 1915A dismissal was based on frivolousness or on failure to state a claim.  We review a dismissal for failure to state a claim de novo.  Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).  But we review a dismissal based on frivolousness for abuse of discretion.  Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011).  The district court was

---

[2] We have jurisdiction over "final decisions" of the district courts.  28 U.S.C. § 1291.  And a dismissal without prejudice is appealable if "it is clear that the order was nevertheless 'final.'"  Samco Global Arms, Inc. v. Arita, 395 F.3d 1212, 1213 n.2 (11th Cir. 2005).  In this case, even though the district court dismissed the complaint without prejudice, the court effectively prevented Plaintiff from amending the complaint or refiling by directing the clerk to close the case.  The clerk then filed an order dismissing the case without prejudice.  Despite the district court's confused terminology in its dismissal order, we easily conclude the order was "final."  Moreover, the court directed the clerk to dismiss the entire case, not just the complaint.  Accordingly, we have appellate jurisdiction.

not entirely clear on what basis it dismissed Plaintiff's claims.  On the one hand, the district court said Plaintiff could not "satisfy the requirements of a First Amendment claim" and had not "alleged an injury . . . to establish an access to courts claim."  But the court also said "The Court is convinced upon review of the Complaint, that it is frivolous as it appears that the Plaintiff has little or no chance of success on a claim of constitutional deprivation."  Because the district court appeared to dismiss the case based on frivolousness, we review for abuse of discretion.  Under either standard of review, however, the result remains the same.

Although our standard of review for a dismissal based on frivolousness is more deferential, the legal standard that the district court must apply is more demanding.  A claim is frivolous only if it "lacks an arguable basis in either law or in fact."  Bingham, 654 F.3d at 1175.  Accordingly, we have found an abuse of discretion when a district court dismissed a *pro se* complaint that had "at least a plausible chance of success."  Miller v. Donald, 541 F.3d 1091, 1101 (11th Cir. 2008).

A.

6

Plaintiff first contends the district court overlooked his First Amendment Free Speech claim.[4]  As mentioned above, the district court concluded Plaintiff's claim was frivolous.  The district court called the opening of Plaintiff's legal mail outside his presence "minor and short-lived impediments, without any indication of ultimate prejudice or disadvantage."  But Plaintiff is correct that the district court overlooked important precedent in reaching its conclusion.

A state may not abridge the freedom of speech.  U.S. Const. amend. I, XIV.  We have held that mail is a medium of free speech, "and the right to send and receive mail exists under the First Amendment."  Al-Amin v. Smith, 511 F.3d 1317, 1333 (11th Cir. 2008).  We have further held that a prisoner retains "First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."  Id.  One of those rights is the "use of the mail to communicate confidentially with attorneys about his case[]."  Id.  Indeed, we have said "prisoners' use of the mail to communicate with their attorneys about their criminal cases may frequently be a more important free speech right than the use of their tongues."  Id. at 1333–34.

---

[4]  At the time of the alleged violations, Plaintiff was a pretrial detainee.  Pretrial detainees "retain at least those constitutional rights that [the Supreme Court has] held are enjoyed by convicted prisoners."  Bell v. Wolfish, 441 U.S. 520, 545 (1979).

In Al-Amin we found a constitutional violation where prison officials engaged in a pattern and practice of opening, but not reading, a plaintiff's clearly marked attorney mail outside his presence. This practice "sufficiently chills, inhibits, or interferes with [a plaintiff's] ability to speak, protest, and complain openly to his attorney so as to infringe his right to free speech." Id. at 1334. In this case, Plaintiff had only two letters opened after he complained to prison officials. These two incidents, coupled with Defendant Coleman's threats to withhold Defendant's mail entirely, are enough to state a First Amendment Free Speech claim. Because Plaintiff's complaint alleged prison officials opened and read his legal mail outside his presence, the facts as alleged were certainly not frivolous. Accordingly, the district court clearly abused its discretion in concluding Plaintiff's complaint did not support a First Amendment Free Speech claim, and we reverse.

## B.

Plaintiff next argues the district court misconceived his Sixth Amendment right to counsel claim. The district court treated the complaint as having raised an access to courts claim based on Plaintiff's lack of access to the law library. The court concluded Plaintiff did not need law library access because he had a public

8

defender and had not shown any injury resulting from the denial of library access.[5]

Plaintiff, rather, asserts he raised a right to counsel claim pursuant to the Sixth Amendment.

The Sixth Amendment provides that in "all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend VI.  Specifically, Plaintiff argues his claim was that searching his legal mail interfered with his right to counsel under the Sixth Amendment. Plaintiff filed a supplemental record on appeal in which he alleges that his public defender stopped sending him legal records once the attorney learned the jail was opening Plaintiff's mail.  But § 1915A allows a court to examine only the complaint to determine whether a plaintiff has stated a claim.  See 28 U.S.C. § 1915A(a) (providing the court shall review a complaint as soon as practicable after docketing).  Rather than address this claim in the first instance, we remand to the district court to determine whether the facts alleged in the complaint support a Sixth Amendment right to counsel claim.

C.

---

[5]  The district court reached the correct result for this claim.  Lewis v. Casey, 518 U.S. 343, 351 (1996).  But Plaintiff did not appeal the district court's determination that he failed to make out an access to courts claim.

9

Plaintiff's next argument again references the First Amendment.  He asserts he stated a claim for retaliation pursuant to the First Amendment, but that the district court overlooked his claim.  Although, as mentioned above, Plaintiff did not reference the First Amendment in his complaint, a district court must liberally construe a *pro se* complaint.  Thus, where the facts to state a claim are clearly present in a *pro se* complaint, even if the cause of action is mislabeled, a *pro se* plaintiff has indeed stated a claim.  See United States v. Hung Thien Ly, 646 F.3d 1307, 1316 (11th Cir. 2011).

"The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech."  Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003).  "[T]hat an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement" is "an established principle of constitutional law."  Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008).  To prevail on a First Amendment retaliation claim, a detainee must establish that "(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech;

10

and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. at 1276.

In this case, Plaintiff alleged in his complaint that he wrote a grievance about his legal mail and Defendant Coleman told him if he did not stop complaining about the opening of his legal mail, "[Coleman] would stop [Plaintiff's] legal mail and give it to [him] at his convenience." As a result, Plaintiff states he "left the issue alone" because he needed his legal mail. The district court did not address this claim in its order. Although we conclude Plaintiff's retaliation claim is not a frivolous argument, we again conclude the district court should consider whether Plaintiff stated a claim in the first instance. Accordingly, we remand Plaintiff's First Amendment retaliation claim.

## D.

In his complaint, Plaintiff raised the Fourth Amendment, which protects "persons, houses, papers, and effects." U.S. Const. amend. IV. Although mail falls within the meaning of "papers" or "effects," the Supreme Court has concluded that "the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." Hudson v. Palmer, 468 U.S. 517, 526 (1984). We have not considered the Fourth Amendment's application to incoming prison mail. And we need not decide that issue here as Plaintiff argues

11

only that the district court should have granted him leave to amend his complaint to state a claim under the "Cohen exception."

The Cohen exception is not a creation of this circuit. Rather, the Second Circuit in United States v. Cohen, 796 F.2d 20 (2d Cir. 1986), held that papers seized from a detainee's cell should be suppressed. The Second Circuit ordinarily allows prison mail searches based on good cause. United States v. Felipe, 148 F.3d 101, 108 (2d Cir. 1998). But in Cohen, the court concluded the Fourth Amendment's protections applied because the search was not for a security purpose, but instead was at the request of an Assistant United States Attorney who wanted additional information for the detainee's prosecution. Cohen, 796 F.2d at 21. The court said the search was not motivated by institutional security concerns, but by the prosecutor's desire "to obtain information for a superseding indictment." Id. at 23–24.

Despite no other circuit adopting Cohen's rule, Plaintiff argues we should both adopt the Cohen rule and reverse the district court for failing to *sua sponte* grant Plaintiff an opportunity to amend his complaint and add a Cohen claim. No facts in Plaintiff's complaint suggested the prosecutor was responsible for the opening of Plaintiff's legal mail. At this time, we express no opinion as to the validity of the Cohen exception in this Circuit or the applicability of the exception

12

to Plaintiff's case.  Once the case has been remanded and reopened, Plaintiff may file a motion for leave to amend his complaint.  The district court has discretion to review that motion pursuant to the Federal Rules of Civil Procedure.

REVERSED AND REMANDED.