[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-12888
_____

D.C. Docket No. 4:09-cv-00964-KOB-RRA

JOHN D. DUPREE,

Petitioner-Appellant,

versus

WARDEN, ATTORNEY GENERAL,
STATE OF ALABAMA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 7, 2013)

Before WILSON and COX, Circuit Judges, and BOWEN,[*] District Judge.

COX, Circuit Judge:

_____

[*] Honorable Dudley H. Bowen, Jr., United States District Court Judge for the Southern District of Georgia, sitting by designation.

The issue on appeal is whether the district court violated the rule laid down in *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc).  In *Clisby*, this court instructed district courts to resolve all claims for relief presented in a 28 U.S.C. § 2254 petition for a writ of habeas corpus regardless of whether relief is granted or denied.  In this case, the district judge adopted the magistrate judge's report and recommendation in full and dismissed John D. Dupree's petition.   But the magistrate judge's report and recommendation did not mention one of the many claims Dupree presented in his petition.  Dupree did not object to the magistrate judge's failure to address this claim, so the district judge was not put on notice that one of Dupree's claims had not been addressed.  Regrettably, however, our precedent compels us to conclude that the district court violated *Clisby* by failing to address the claim the magistrate judge overlooked.  Despite a party's failure to object to a magistrate judge's conclusions on legal issues (or, as in this case, the failure of the magistrate judge to address legal issues), our precedent does not foreclose a party's ability to seek de novo review on appeal.  We therefore vacate the district court's judgment in this case and remand.  Having decided this case, however, we suggest that this court should, in the exercise of its supervisory powers, adopt a new rule (to operate prospectively) that attaches consequences to the failure to object to a magistrate judge's report and recommendation.

2

## I. FACTS & PROCEDURAL HISTORY

In October 2004, John Dupree, represented by Patricia Granger, pleaded guilty to several state law drug-related offenses in an Alabama state court.  Before sentencing, Dupree hired a new attorney, Dani Bone.  Bone moved to set aside Dupree's guilty plea.  The trial court denied the motion.

At sentencing, Dupree, represented by yet another attorney, Roderick Walls, again moved to set aside the guilty plea.  The court denied the motion and sentenced Dupree to thirty years' imprisonment.  Dupree appealed to the Alabama Court of Criminal Appeals. The court affirmed his conviction and denied his application for rehearing.  Dupree then petitioned the Supreme Court of Alabama for a writ of certiorari, which the court denied.

In December 2006, Dupree filed a petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure.   In his Rule 32 petition, Dupree alleges, among other things, that his attorneys, Patricia Granger and Dani Bone, provided ineffective assistance of counsel.  The trial court dismissed this petition, and the Alabama Court of Criminal Appeals affirmed the dismissal and denied his application for rehearing.  Dupree then petitioned the Supreme Court of Alabama for a writ of certiorari, and the court denied the petition.

In May 2009, Dupree, proceeding pro se, filed a 28 U.S.C. § 2254 petition for a writ of habeas corpus in the district court for the Northern District of Alabama.  (Dkt. 1.)  Dupree's petition alleges three grounds for relief.  Only ground two is relevant to this appeal.  In ground two, Dupree alleges ineffective assistance of counsel.  (*Id.* at 5.)  When the petition form asks him to describe the alleged ineffective assistance, Dupree writes, "See Attached Sheet."  (*Id.*)  In the attached sheet, Dupree says that Granger and Bone failed to provide effective assistance of counsel.  In particular, Dupree writes that Granger failed to inform him that the minimum sentence he would receive if he pleaded guilty was thirty years.  (*Id.* at 8.)  Dupree writes that Bone "failed to go into detail as to exactly what it was that Dupree failed to understand about the plea agreement.  Instead he allowed Dupree, in his inexperience, and under a state of duress to testify on his own behalf."  (*Id.* at 9–10.)

The Respondents answered Dupree's petition.  (Dkt. 8.)  The answer thoroughly addresses Dupree's argument that Granger had rendered ineffective assistance of counsel.  (*Id.* at 18–21.)  But it only addresses Bone in a footnote, saying, "To the extent that [Dupree's allegations about Bone] could be construed as an ineffective assistance of counsel claim, Dupree is not entitled to relief . . . ." (*Id.* at 21 n.8.)  Dupree replied to the answer but failed to mention Bone.  (Dkt. 10.)

4

The district court referred the petition to a magistrate judge, and the magistrate judge recommended that the district court dismiss the petition. (Dkt. 14.) In the report and recommendation, the magistrate judge concludes that Dupree's claim that Granger had provided ineffective assistance of counsel is meritless. (*Id.* at 13–18.) The magistrate judge did not address Dupree's allegations about Bone's representation.

At the end of the report and recommendation, the magistrate judge warns the parties of the consequences of failing to object to the report and recommendation. (*Id.* at 18–19.) Specifically, the magistrate judge cautions:

> Failure to file written objections to the proposed findings and recommendations of the magistrate judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. [Unit B] 1982). A copy of the objections must be served upon all other parties to the action.

(*Id.*)

Dupree filed objections to the report and recommendation. (Dkt. 15.) But his objections fail to mention the magistrate judge's failure to address his ineffective-assistance-of-counsel claim based on Bone's performance.

5

The district court adopted the report and recommendation in its entirety, (dkt. 16,) and dismissed Dupree's petition, (dkt. 17).   Dupree then sought a certificate of appealability, which this court granted.  (Dkt. 23.)

## II. ISSUE ON APPEAL & STANDARD OF REVIEW

We granted a certificate of appealability on the issue of "[w]hether the district court violated *Clisby* by failing to address the allegations in Dupree's memorandum, attached to his § 2254 petition, regarding Bone's representation." (Dkt. 23.)   We review de novo issues of law presented in a certificate of appealability.  *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003).

## III. DISCUSSION

In *Clisby*, this court, in the exercise of our supervisory authority, directed district courts to resolve all claims for relief raised in a 28 U.S.C. § 2254 petition for a writ of habeas corpus.  960 F.2d at 936.  We defined a claim for relief as "any allegation of a constitutional violation."  *Id.*  And, we said that if a district court fails to resolve all of the claims raised in a habeas petition and dismisses the petition, we will vacate the judgment without prejudice and remand the case for consideration of all of the remaining claims.  *Id.* at 938.

Here, the district court—through little fault of its own—failed to address one of Dupree's claims for relief: his claim that Bone had provided ineffective

6

assistance of counsel. This claim consists of two sentences found in the middle of a fifteen-page memorandum attached to Dupree's petition. The magistrate judge did not address the claim, and Dupree did not object to the magistrate judge's failure to address the claim. Nor did Dupree raise the claim in his reply to the Respondents' answer, which noted that the Respondents did not construe the two sentences about Bone to constitute an ineffective-assistance-of-counsel claim. The district court, with no indication from Dupree that the magistrate judge had failed to address Dupree's claim about Bone, adopted the report and recommendation and dismissed Dupree's habeas petition. So, the district court did not resolve the claim.

The Respondents argue that Dupree failed to present the claim in the district court, and the court's failure to resolve the claim therefore did not violate the rule established in *Clisby*.

A habeas petitioner must present a claim in clear and simple language such that the district court may not misunderstand it. *See Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009). We liberally construe petitions filed pro se. *Green v. Nelson*, 595 F.3d 1245, 1254 n.4 (11th Cir. 2010).

In *Rhode v. United States*, 583 F.3d 1289, 1291–92 (11th Cir. 2009), we concluded that a pro se litigant had presented his ineffective-assistance-of-counsel claim before the district court for *Clisby* purposes when, in his motion to vacate, he

"states that his ineffective assistance of counsel claims are described in his attached memorandum," and in his attached memorandum, he sets out the facts supporting his claim.

In this case, Dupree filed his habeas petition pro se.  Like the litigant in *Rhode*, Dupree refers to his attached memorandum when asked to describe the ineffective-assistance-of-counsel claim.  (Dkt. 1 at 5.)  In the memorandum, Dupree writes, "Bone also failed to go into detail as to exactly what it was that Dupree failed to understand about the plea agreement.  Instead he allowed Dupree, in his inexperience, and under a state of duress to testify on his own behalf."  (*Id.* at 9-10.)  Construing his petition liberally, Dupree presented his ineffective-assistance-of-counsel claim about Bone's performance to the district court. Because the district court failed to resolve the claim, the court violated the rule set out in *Clisby*.

We do not address whether Dupree's claim is meritorious.  Under *Clisby*, our role is to vacate the judgment without prejudice and remand the case to the district court for consideration of the unaddressed claim.  Moreover, addressing the merits of Dupree's claim exceeds the scope of our review, which is limited to the *Clisby* issue specified in the certificate of appealability.  *See Murray v. United*

8

*States*, 145 F.3d 1249, 1250–51 (11th Cir. 1998).  We express no opinion on whether this claim states a claim upon which relief can be granted.

Accordingly, we vacate the judgment without prejudice and remand the case to the district court to consider Dupree's ineffective assistance claim concerning Bone.

## IV. RECOMMENDATION

Although Dupree did not object to the magistrate judge's failure to address a legal issue (Dupree's claim that Bone provided ineffective assistance of counsel) in the report and recommendation, we review de novo the legal question of whether the district court violated the rule announced in *Clisby* when it failed to address the claim about Bone.  Under our precedent, the failure to object limits the scope of our appellate review to plain error review of the magistrate judge's *factual findings*.  The failure to object to the magistrate judge's *legal conclusions* does not preclude the party from challenging those conclusions on appeal.  And, if challenged on appeal, review is de novo.

A majority of our sister circuits attach consequences to the failure of a party to object to a magistrate judge's resolution of legal issues as well as factual issues (e.g., by limiting the scope of appellate review or prohibiting review altogether).

9

Having decided this case, we urge the court to join the majority of our sister circuits and adopt a rule that attaches consequences to the failure to object to *either* factual findings or legal conclusions in a magistrate judge's report and recommendation in civil cases.  In this section of the opinion, we discuss (A) our current rule on a party's failure to object to a factual finding or legal conclusion in a magistrate judge's report and recommendation, (B) our sister circuits' rules, and (C) why we propose adopting a new rule.

## A. Our Rule

As we discussed above, under our current rule, a party's failure to object to factual findings and legal conclusions in a magistrate judge's report and recommendation in civil cases has limited consequences.  Despite a party's failure to object, we seem to consistently review unobjected-to factual findings for plain error, and we review the unobjected-to legal conclusions de novo.

Our current rule was adopted in *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B 1982) (en banc), *overruled by Douglass v. United Serv. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute*, Federal Magistrates Act, Pub. L. No. 111-16, 123 Stat. 1608 (codified as amended at 28 U.S.C. §

10

636(b)(1) (2009)) (extending the time to file objections from ten to fourteen days).[1]

In *Nettles*, the former Fifth Circuit considered how it should "treat an appellant's . . . claim of error where the district court accepts a magistrate's report, unobjected to by the appellant." *Id.* at 405. After discussing other circuits' rules, the *Nettles* court observed that they "all hold, on one ground or another, that by failing to file objections to the proposed findings and recommendations in the magistrate's report, a party thereby waives his right to appellate review of his objections." *Id.* at 408. The *Nettles* court found "merit" in such a rule. *Id.* However, the court—without explanation—adopted a rule that a party's failure to object to a magistrate judge's report and recommendation does not bar the party from attacking the magistrate judge's *legal conclusions* on appeal, but that the failure to object does limit the scope of appellate review for *factual findings*. *Id.* Specifically, the court said:

> Accordingly, we hold that the failure of a party to file written objections to proposed findings and recommendations in a magistrate's report, filed pursuant to Title 28 U.S.C. [§] 636(b)(1), shall bar the party from a de novo determination by the district judge of an issue covered in the report and shall bar the party from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. Provided, however, we also hold that no limitation of the right to appeal . . . and

---

[1] Decisions by Unit B of the former Fifth Circuit rendered after October 1, 1981, bind us under our prior precedent rule. *United States v. Bent*, 707 F.2d 1190, 1193 (11th Cir. 1983).

no limitation of the scope of appeal . . . shall result unless the magistrate informs the parties that objections must be filed within ten days after service of a copy of the magistrate's report is made upon them.

*Id*. at 410; *accord Hardin v. Wainwright*, 678 F.2d 589, 591 (5th Cir. Unit B 1982) ("The failure to object no longer waives the right to appeal but simply limits the scope of appellate review of factual findings to a plain error review; no limitation of the review of legal conclusions results.").

Under the rule established in *Nettles*, this court reviews unobjected-to factual findings for "manifest injustice" or "plain error."  *See, e.g.*, *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988); *LoConte v. Dugger*, 847 F.2d 745, 749–50 (11th Cir. 1988); *Hardin v. Black*, 845 F.2d 953, 960 (11th Cir. 1988); *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982).[2]  "This Court equates manifest injustice with review for plain error."  *United States v. McClendon*, 195 F.3d 598, 603 (11th Cir. 1999).  Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation

---

[2] *Slay* and *Warren* (direct criminal appeals) were decided before the adoption of Federal Rule of Criminal Procedure 59 in 2005, and they were therefore governed by *Nettles*.

of judicial proceedings.  *United States v. Olano*, 507 U.S. 725, 732, 113 S. Ct. 1770, 1776 (1993); *Farley v. Nationwide Mut. Ins. Co.*, 197 F.3d 1322, 1329 (11th Cir. 1999).  The *Nettles* rule is contrary to our typical standard of review for factual findings.  Normally, we review the district court's factual findings for clear error. Fed. R. Civ. P. 52(a); *Levison v. Reliance Standard Life Ins. Co.*, 245 F.3d 1321, 1325 (11th Cir. 2001).  Under clear error review, "we will not reverse the district court unless we find that after making all credibility choices in favor of the fact-finder and reviewing the record as a whole, it is clear that a mistake has been made."  *Commodity Futures Trading Comm'n v. Gibraltar Monetary Corp.*, 575 F.3d 1180, 1186 (11th Cir. 2009).  However, "[p]lain error review is an extremely stringent form of review," and the clear error standard is easier to satisfy because a party does not have to prove that the error affected substantial rights or the fairness, integrity, or reputation of the judicial proceeding.  *Farley*, 197 F.3d at 1329; *see also United States v. Cihak*, 137 F.3d 252, 264 n.7 (5th Cir. 1998) (noting that the clear error standard is easier to satisfy than the plain error standard of review).  So, reviewing unobjected-to factual findings on the ground of "manifest injustice" or "plain error" simply means that we review that finding for plain error, not clear error.

13

We note, however, that the Fifth Circuit has overruled *Nettles*. *Douglass*, 79 F.3d 1415. In *Douglass*, the Fifth Circuit, sitting en banc, concluded that the rule announced in *Nettles* resulted in "a great waste of judicial resources" and "inefficiency and added expense." *Id.* at 1419. The court also recognized that "*Nettles* offered no explanation for changing [our former] appellate waiver rule . . . to a forfeiture rule applicable only to factual findings." *Id.* at 1422. Reasoning that there is no basis for creating an exception for unobjected-to proposed legal conclusions, *id.* at 1422–23, the Fifth Circuit overruled *Nettles* and adopted a new rule. The new rule read:

> [A] party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.

*Id.* at 1428–29 (footnotes omitted).

## B. Other Circuits' Rules

We are in the minority (and most lenient camp) of the circuit courts on this issue. Our current rule is in line with the rule of only two circuit courts—the Eighth Circuit and the Ninth Circuit. The Eighth Circuit reviews unobjected-to factual findings for plain error. *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir.

14

1994).   Like our rule, the failure to object does not waive the party's right to challenge legal conclusions on appeal.  *Nash v. Black*, 781 F.2d 665, 667 (8th Cir. 1986).   The Ninth Circuit holds that the failure to object waives a party's right to challenge the magistrate judge's factual findings.  *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012).   But, like our rule, the failure to file objections to conclusions of law does not bar a party from challenging those conclusions on appeal.  *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

The Third and Fifth Circuits have adopted a middle-ground approach.   If a party fails to object to a report and recommendation's factual findings or legal conclusions, both circuits appear to review those unobjected-to findings and conclusions under a plain error standard of review.  *See Nara v. Frank*, 488 F.3d 187, 194–96 (3d Cir. 2007); *Douglass*, 79 F.3d at 1428–29.

Most of our sister circuits have adopted a stricter approach.   The First, Second, Fourth, Sixth, Seventh, and Tenth Circuits have adopted "firm waiver" rules and hold that if a party fails to object to a magistrate judge's report and recommendation, that party cannot challenge on appeal the factual findings and legal conclusions in the report and recommendation.

In the First Circuit, if a party fails to object to an issue, the party cannot challenge that issue on appeal unless the court decides to review the issue for plain

15

error. *See, e.g.*, *Santiago v. Canon U.S.A., Inc.*, 138 F.3d 1, 4 & n.4 (1st Cir. 1998) (noting that "a party's failure to assert a specific objection to a report and recommendation irretrievably waives any right to review by the . . . court of appeals" but concluding that it did not find plain error in any event); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980) ("We conclude that a party 'may' file objections within ten days or he may not, as he chooses, but he 'shall' do so if he wishes further consideration."). The First Circuit's rule only applies when the magistrate judge gives "clear notice to litigants not only of the requirements that objections must be specific and be filed within ten days . . . , but that failure to file within the time allowed waives the right to appeal the district court's order." *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986).

Likewise, in the Second Circuit, "[w]hen a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision." *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983). However, the Second Circuit will review an unobjected-to issue if it finds that the "interests of justice" require review. *Wesolek v. Canadair Ltd.*, 838 F.2d 55, 59 (2d Cir. 1988). The Second Circuit also refuses to apply its failure-to-object rule if the magistrate judge does not warn pro se litigants of the consequences of failing to

16

object to a report and recommendation. *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

The Fourth Circuit attaches serious consequences to a party's failure to object. If a party fails to object, that "party waives the right to appellate review of a magistrate's decision." *United States v. George*, 971 F.2d 1113, 1118 n.7 (4th Cir. 1992); *see also Page v. Lee*, 337 F.3d 411, 416 n.3 (4th Cir. 2003) ("As we have long held, the failure to raise objections to a magistrate judge's recommendations waives the right to appellate review."). Pro se litigants must "receive fair notification of the consequences of failure to object to a magistrate's report before such a procedural default will result in waiver of the right of appeal." *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985).

Similarly, in the Sixth Circuit, "a party shall file objections with the district court or else waive right to appeal." *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). But a party that fails to object will not waive the right to appellate review unless the "party was properly informed of the consequences of failing to object." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). And because "[t]he requirement for specific objections to a magistrate judge's report is not jurisdictional[,] a failure to comply may be excused in the interest of justice." *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994).

17

The Seventh Circuit follows suit.  A party's "[f]ailure to file objections with the district court to a magistrate's report and recommendation waives the right to appeal all issues addressed in the recommendation, both factual and legal." *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).  The Seventh Circuit will excuse a party's failure to comply with its rule when applying the rule would "defeat the ends of justice."  *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 540 (7th Cir. 1986) (internal quotation marks omitted).

The Tenth Circuit holds that it is "without power to review [the district court's] order on appeal" when a party fails to object.  *Niehaus v. Kan. Bar Ass'n*, 793 F.2d 1159, 1165 (10th Cir. 1986), *superseded by statute on other grounds*, Civil Rights Restoration Act of 1987, Pub. L. No. 100-259, 102 Stat. 28.  A party's failure to object "waives appellate review of both factual and legal questions." *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (internal quotation marks omitted).  The Tenth Circuit will not apply its rule to a pro se litigant unless the magistrate judge informs the litigant of the consequences of failing to object. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).  Nor will it apply its rule if "the interests of justice require review."  *Duffield*, 545 F.3d at 1237 (internal quotation marks omitted).

18

The Supreme Court, in reviewing a Sixth Circuit case, approved the Sixth Circuit's rule—the failure to object to a factual finding or legal conclusion in the magistrate judge's report and recommendation bars appellate review of that factual finding or legal conclusion. *Thomas v. Arn*, 474 U.S. 140, 155, 106 S. Ct. 466, 475 (1985).

In *Thomas*, Kathy Thomas filed a petition for a writ of habeas corpus. *Id.* at 143, 106 S. Ct. at 469. The district court referred the petition to the magistrate judge, and the magistrate judge recommended that the petition be dismissed and warned Thomas that the "[f]ailure to file objections within the specified time waives the right to appeal the District Court's order." *Id.* at 144, 106 S. Ct. at 469. Thomas did not file any objections, and the district court dismissed her petition. *Id.* at 144, 106 S. Ct. at 469. She appealed to the Sixth Circuit, which held that she had waived the right to appeal when she failed to file objections to the magistrate judge's report and recommendation. *Id.* Thomas petitioned for a writ of certiorari, and the Court granted the petition to consider "whether a court of appeals may exercise its supervisory powers to establish a rule that the failure to file objections to the magistrate's report waives the right to appeal the district court's judgment." *Id.* at 142, 106 S. Ct. at 468.

19

The Court held that the courts of appeals may adopt such a rule, saying that "[s]uch a rule, at least when it incorporates clear notice to the litigants and an opportunity to seek an extension of time for filing objections, is a valid exercise of the supervisory power." *Id.* at 155, 106 S. Ct. at 475. And the Court noted that "it seems clear" that Congress, in enacting the Federal Magistrates Act, 28 U.S.C. §§ 631–639, "would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties." *Id.* at 153, 106 S. Ct. at 474.

The Court also observed that such a rule "is supported by sound considerations of judicial economy." *Id.* at 147, 106 S. Ct. at 471. Specifically, the Court said:

> The Sixth Circuit's rule, by precluding appellate review of any issue not contained in objections, prevents a litigant from "sandbagging" the district judge by failing to object and then appealing. Absent such a rule, any issue before the magistrate would be a proper subject for appellate review. This would either force the court of appeals to consider claims that were never reviewed by the district court, or force the district court to review every issue in every case, no matter how thorough the magistrate's analysis and even if both parties were satisfied with the magistrate's report. Either result would be an inefficient use of judicial resources. In short, "[t]he same rationale that prevents a party from raising an issue before a circuit court of appeals that was not raised before the district court applies here."

20

*Id.* at 147–48, 106 S. Ct. at 471 (quoting *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984)).[3]

## C. Proposal

Unlike the rule approved in *Thomas*, our current rule is not "supported by sound considerations of judicial economy" and does not comport with the purposes of the Federal Magistrates Act.

First, our current rule does nothing to prevent a litigant from "sandbagging" a district court. Under the rule established in *Nettles*, litigants have little incentive to make objections to the magistrate judge's legal conclusions. With legal conclusions, litigants can choose not to object, allow the district court to adopt the report and recommendation, and then raise the issue on appeal and receive de novo review without having given the district court the opportunity to review the issue in the first instance.

Second, our rule is inconsistent with the purposes of the Federal Magistrates Act. The Act permits district courts to appoint magistrate judges to hear and provide recommendations on certain matters. 28 U.S.C. §§ 631, 636. Magistrate judges exist to improve access to the federal courts and help the district courts

---

[3] The Supreme Court did not construe the Sixth Circuit's rule as depriving the appellate court of jurisdiction. *Thomas*, 474 U.S. at 155, 106 S. Ct. at 475.

21

manage their massive dockets. *Thomas*, 474 U.S. at 145, 106 S. Ct. at 470 (noting that the fundamental purpose of the Act is to "improve access to the federal courts and aid the efficient administration of justice" (internal quotation marks omitted)); *Niehaus*, 793 F.2d at 1165 (observing that the policy behind the Act is to "relieve courts of unnecessary work and to improve access to the courts"). Requiring parties to file objections or waive the right to de novo review on appeal if they do not object comports with the Act's purposes. When district courts have specific objections before them, they can focus on the issues of contention. Not having to review every undisputed issue frees the district courts to work on other matters. Our rule, on the other hand, does little to help the district courts manage their dockets. Instead, it forces them to spend significant amounts of time and resources reviewing every issue—whether objected to or not. This is "an inefficient use of judicial resources." *See Thomas*, 474 U.S. at 148, 106 S. Ct. at 471.

For these reasons, we urge the court to overrule *Nettles* and adopt a rule for civil cases that attaches consequences to the failure to object to either factual findings or legal conclusions in a magistrate judge's report and recommendation.[4]

---

[4] The Federal Rules of Criminal Procedure already attach consequences to a party's failure to object to a magistrate judge's report and recommendation. Rule 59 provides that the "[f]ailure to object in accordance with this rule waives a party's right to review." Fed. R. Crim. P. 59(a) & (b)(2). And the advisory committee notes accompanying Rule 59 say that the "waiver provision" in (a) and (b)(2) "is intended to establish the requirements for objecting in a district

22

We propose adopting a rule that permits plain error review of unobjected-to factual findings or legal conclusions if the "interests of justice" require such review. *See Thomas*, 474 U.S. at 155, 106 S. Ct. at 475 ("[B]ecause the rule is a nonjurisdictional waiver provision, the Court of Appeals may excuse the default in the interests of justice."). Permitting, but not requiring, plain error review in the interests of justice is consistent with the rules of many of our sister circuits. *See, e.g.*, *Alspaugh v. McConnell*, 643 F.3d 162, 166 (6th Cir. 2011) (excusing failure to object "*in the interest of justice*" (internal quotation marks omitted)); *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004) (recognizing that the court's firm waiver rule should not be employed if it would "defeat the ends of justice" (internal quotation marks omitted)); *Wirsching v. Colorado*, 360 F.3d 1191, 1198 (10th Cir. 2004) (declining to apply waiver rule in the "interests of justice"); *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (noting that the court will excuse the failure to object in the "interests of justice" (internal quotation marks omitted)); *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991) (noting that waiver may be

court in order to preserve appellate review of magistrate judges' decisions." Fed. R. Crim. P. 59 advisory committee's note.

 Neither the Federal Rules of Civil Procedure nor the Rules Governing § 2254 Cases (Habeas Rules) attach consequences to a party's failure to object. *See* Fed. R. Civ. P. 72; Habeas Rule 8.

23

appropriate "unless there are circumstances suggesting that it will work a substantial inequity"). Such a rule should apply only if the parties are given notice of the consequences of the failure to object. Most of our sister circuits require such notice. *See, e.g.*, *Douglass*, 79 F.3d at 1428–29; *Miller*, 50 F.3d at 380; *Moore*, 950 F.2d at 659; *Small*, 892 F.2d at 16; *Valencia-Copete*, 792 F.2d at 6; *Nash*, 781 F.2d at 667; *Wright*, 766 F.2d at 846. And such a rule should be given only prospective effect because rules of procedure should "promote the ends of justice, not defeat them." *Hormel v. Helvering*, 312 U.S. 552, 557, 61 S. Ct. 719, 721 (1941).[5]

In *Thomas*, the Supreme Court held that courts of appeals may, in the exercise of their supervisory powers, establish a rule that attaches consequences to the failure to object to a magistrate judge's report and recommendation. 474 U.S. at 155, 106 S. Ct. at 475. We understand this to mean that a rule may be established either by judicial decision or by administrative rule-making. 28 U.S.C. § 2071(a) permits the courts of appeals to "prescribe rules for the conduct of their business." And Federal Rule of Appellate Procedure 47(a)(1) says that "[e]ach court of appeals acting by a majority of its judges in regular service may, after giving appropriate public notice and opportunity for comment, make and amend

---

[5] The proposed rule will, of course, not affect this case.

24

rules governing its practice." Fed. R. App. P. 47(a)(1). Should this court decide to adopt such a rule, it is within its discretion to adopt the rule either under its administrative rule-making power or through a judicial decision en banc.[6]

## V. CONCLUSION

The judgment in this case is vacated and remanded.

VACATED AND REMANDED.

---

[6] Former Fifth Circuit cases are binding unless overruled or modified by this court sitting en banc. *United States v. Gollwitzer*, 697 F.2d 1357, 1360 n.2 (11th Cir. 1983).