[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14254
Non-Argument Calendar
_____

D.C. Docket No. 9:11-cv-80850-WPD


JUAN B. OLIVA, et al.,

Plaintiffs,


BRIAN J. GLICK,

Interested Party-Appellant,


versus


NBTY, INC.,
a foreign corporation,
NBTY MANUFACTURING, LLC,
a foreign limited liability company,

Defendants-Appellees,

REXALL SUNDOWN, INC.,
a Florida corporation, et al.,

                                                                              Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 22, 2014)

Before ED CARNES, Chief Judge, HULL and WILSON, Circuit Judges.

PER CURIAM:

Attorney Brian Glick appeals the district court's order imposing sanctions on him based on 28 U.S.C. § 1927 and the court's inherent authority.  Glick represented the plaintiffs in a personal injury lawsuit against NBTY, Inc. and NBTY Manufacturing LLC (collectively, the NBTY defendants).  The district court granted summary judgment in favor of the NBTY defendants and later awarded them $60,865.18 in attorney's fees and costs that they had incurred responding to three motions that Glick had filed.  Those three motions were:  (1) to strike the NBTY defendants' motion for summary judgment, (2) to allow the addition of a claim for punitive damages after the close of discovery, and (3) to present spoliation evidence.

2

I.

Glick raises three contentions on appeal.  First, he contends that the record is insufficient to allow for meaningful review and that the district court had no basis to split the attorney's fee award, giving half to each of the NBTY defendants. Second, he contends that a settlement agreement between the parties precludes the NBTY defendants from recovering from him any of the fees and costs associated with his three motions.  Third, he contends that the court abused its discretion in imposing sanctions.[1]

We review the district court's imposition of sanctions under § 1927 for abuse of discretion, reversing only when the court makes a clear error of judgment or applies the wrong legal standard.  Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d 1230, 1237–38 (11th Cir. 2007).  Ordinarily we review factfindings for clear error and reverse only if the record clearly indicates that a mistake was made. Dupree v. Warden, 715 F.3d 1295, 1301 (11th Cir. 2013).  But when a magistrate judge notifies a party of the consequences of failing to object to the report and

---

[1] Glick also contends that (1) § 1927 sanctions cannot be based on filings, and (2) even if sanctions can be awarded in this case, the dollar amount of them cannot be determined before the resolution of a separate lawsuit between the plaintiffs and a different defendant based on the injury that gave rise to the present case.  Because Glick has raised those issues for the first time on appeal, we will not consider them.  See Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) ("This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court.") (quotation marks omitted).

3

recommendation's factfindings and the party does not object, we review the factfindings only for plain error. Id. at 1300–01. To show plain error, the appellant must establish that (1) an error occurred, (2) it was plain, (3) it affected substantial rights, and (4) it seriously affected the fairness, integrity or public reputation of the judicial proceedings. Id. at 1301.

## A.

Glick contends that the record is insufficient to allow for meaningful review. That contention borders on frivolity. The magistrate judge's report and recommendation, which the district court adopted and elaborated upon in its own order, clearly establishes the basis for the sanctions awarded. Nor is there any merit to Glick's related contention that the district court lacked a basis for giving each defendant half of the attorney's fee award. The record shows that the same counsel represented both defendants and that counsel billed each defendant for half of the attorney's fees. See Report & Recommendation at 12 ("[H]alf of the total claimed fee [was] attributed to each of the two Defendants."). The basis for splitting the attorney's fee award is clear.

## B.

Glick contends that the settlement agreement entered into by the NBTY defendants and the plaintiffs effectively barred the recovery of attorney's fees from him. The record refutes that contention. The settlement agreement excluded him

4

from the settlement and expressly preserved the NBTY defendants' right to pursue sanctions against him.  Counsel for the defendants was unequivocal about the fact that recovery of sanctions against Glick was not one of the claims that the parties were agreeing to settle:  "Finally, as I believe I have also made clear in each of our conversations, I do not have the authority to include you or the pending sanctions issues in this settlement.  Once those issues have been resolved by the court, there may come a time when we can discuss a settlement, but not now."  The settlement agreement establishes without any doubt that the NBTY defendants never relinquished their right to recover sanctions from Glick.

Glick makes an alternative argument that, even though the parties' settlement agreement expressly allows the NBTY defendants to seek sanctions against him personally and settles only matters between the plaintiffs and the defendants, there are no "excess" fees and costs under 28 U.S.C. § 1927 for the defendants to recover because the settlement agreement resolves any claim the defendants might have to attorney's fees. The settlement agreement provides that in lieu of continuing to pursue collection of a total of $904,563.12 in attorney's fees and costs,[2] the defendants would instead collect from the plaintiffs half of whatever amount the plaintiffs eventually recover in a separate lawsuit against a

---

[2] The district court awarded $387,711 of those fees to a defendant who is not a party to this appeal.  The remainder constituted amounts that the magistrate judge had recommended that the district court should award to the NBTY defendants.  Those fees and costs were to be collected from the plaintiffs; Glick was not personally liable for any of those amounts.

separate defendant.  Glick asserts that in the other lawsuit the plaintiffs might recover an amount that exceeds the total fees and costs the defendants incurred in the present case, and if that happens, there will be no "excess costs, expenses, and attorneys' fees" for him to pay.  28 U.S.C. § 1927 (emphasis added).[3]  A settlement with the plaintiffs, however, even if the amount of it was keyed to attorney's fees, does not negate the district court's authority under § 1927 to punish Glick personally for unreasonably and vexatiously multiplying the proceedings.  Speculation about an unknown outcome in a different case involving different parties cannot undermine the district court's determination that in the present case Glick's conduct justified the imposition of sanctions against him personally.

The district court found that because of Glick's conduct, the NBTY defendants incurred $60,865.18 in "excess costs, expenses, and attorneys' fees" responding to three motions that Glick filed, and under § 1927 that amount is recoverable from Glick personally — not from the plaintiffs.  The purpose of § 1927 is to penalize attorneys whose "conduct is so egregious that it is tantamount to bad faith."  Peer v. Lewis, 606 F.3d 1306, 1314 (11th Cir. 2010) (quotation marks omitted); Peterson v. BMI Refractories, 124 F.3d 1386, 1395 (11th Cir.

---

[3] Section 1927 provides that:  "Any attorney . . . admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."  The district court agreed with the magistrate judge's finding that Glick "acted in bad faith or, at a minimum, in an objectively unreasonable manner" and unreasonably multiplied the proceedings with three motions that he filed.

6

1997) (stating that § 1927 is "penal in nature"). That is the purpose for which the district court applied it. That purpose is not negated just because the parties entered into a settlement agreement involving attorney's fees and costs that the defendants might have collected from the plaintiffs if a settlement had not been reached.

## C.

Finally, Glick contends that the district court abused its discretion by imposing sanctions on him under § 1927 for filing the motion to strike the NBTY defendants' motion for summary judgment, the motion to permit the addition of a punitive damages claim, and the motion to present spoliation evidence. As we have already explained, an award of sanctions under § 1927 is justified where an attorney engages in unreasonable and vexatious conduct that multiplies the proceedings. 28 U.S.C. § 1927. The attorney's conduct must be so egregious that it is tantamount to bad faith. Amlong, 500 F.3d at 1239. The determination of bad faith turns on the attorney's objective conduct, not his subjective intent. Id. Sanctions are warranted when an attorney knowingly or recklessly pursues a frivolous claim or obstructs litigation. Id. at 1242. Negligent conduct alone is insufficient, and reckless conduct is that which grossly deviates from reasonable conduct. Id. at 1240–42.

As for his motion to strike the NBTY defendants' motion for summary judgment, Glick contends that he did not file it in bad faith. But the district court did not make a clear error of judgment or apply the wrong legal standard in determining that Glick's conduct in filing the motion to strike amounted to bad faith. See Amlong, 500 F.3d at 1237–39. The record supports the magistrate judge's finding, which the district court adopted, that Glick either knowingly or recklessly made false representations in his motion. See Dupree, 715 F.3d at 1301. The court concluded that Glick's motion was frivolous, a conclusion that he did not challenge in his opening brief to this Court. See Asociacion de Empleados del Area Canalera (ASEDAC) v. Panama Canal Comm'n, 453 F.3d 1309, 1316 n.7 (11th Cir. 2006). By filing a frivolous motion based on statements that he knew or should have known (by checking his own records) were false, he obstructed the litigation and grossly deviated from the conduct of a reasonable attorney. See Amlong, 500 F.3d at 1239–40, 1242.

As for the punitive damages motion, we review only for plain error the particular factfindings in the magistrate judge's report and recommendation that Glick did not object to in the district court. See Dupree, 715 F.3d at 1300–01. Those findings include that: (1) Glick deliberately waited until one month after the close of discovery and four months after the deadline for amending the pleadings to file the punitive damages motion; and (2) the reason for his delay was to ambush

8

the NBTY defendants after the close of discovery.  Glick stated in the motion that he had intentionally waited to file until all discovery had been completed.  Given that admission, the record does not establish that the magistrate judge plainly erred by finding that Glick filed the motion in order to ambush the NBTY defendants.  See id. at 1301.  Glick does not challenge on appeal the magistrate judge's finding that there was no basis on which to grant the motion.  See ASEDAC, 453 F.3d at 1316 n.7.  By filing a baseless motion a month after the close of discovery as a tactic to ambush the NBTY defendants, Glick acted in bad faith by knowingly, or at least recklessly, engaging in conduct that obstructed the litigation.  See Amlong, 500 F.3d at 1239, 1242.

Nor did the magistrate judge plainly err in finding that the punitive damages motion multiplied the proceedings even though it was denied as moot.  The NBTY defendants incurred attorney's fees and costs in responding to the motion, and Glick provides no legal support for his assertion that a denial based on mootness does not multiply proceedings.  See Dupree, 715 F.3d at 1300–01; United States v. Schmitz, 634 F.3d 1247, 1270–71 (11th Cir. 2011) (stating that, to correct an error under plain error review, the error "must be plain under controlling precedent" or the clear wording of a controlling statute or rule).

As for the spoliation motion, Glick's only argument on appeal is that the magistrate judge did not identify the false statements he made in the motion.

9

Based on the magistrate judge's findings, her comments at the spoliation hearing, and the contents of the motion, it is obvious which of Glick's statements she found to be false.  Glick does not challenge the magistrate judge's conclusion that the motion was frivolous, contained numerous false statements, unreasonably and vexatiously multiplied the proceedings, and was motivated by bad faith or reckless disregard for the truth of the allegations.  See ASEDAC, 453 F.3d at 1316 n.7.  The court did not abuse its discretion in granting § 1927 sanctions on the basis of the spoliation motion.  See 28 U.S.C. § 1927; Amlong, 500 F.3d at 1237–38.

Because we hold that the court did not abuse its discretion in imposing sanctions under 28 U.S.C. § 1927, we need not address whether the sanctions were merited pursuant to the court's inherent authority.  See Amlong, 500 F.3d at 1239.

**AFFIRMED.**