[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14675
Non-Argument Calendar
_____

D.C. Docket No. 3:11-cv-00688-HLA-JBT


RUSS GEORGE THOMAS,

Petitioner-Appellant,


versus


SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Respondentss-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 14, 2016)

Before HULL, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Russ George Thomas, convicted in Florida of burglary of a dwelling and possession of burglary tools, appeals the district court's denial of his petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254(d). The district court granted a certificate of appealability on three issues. The first is whether Mr. Thomas' appellate counsel rendered ineffective assistance in failing to argue that the trial court erred in admitting the jail recordings between he and his wife despite lack of authentication. The second is whether Mr. Thomas' trial counsel rendered ineffective assistance in failing to object to the prosecutor's questions and closing argument concerning his post-arrest silence. The third is whether the state trial court violated Mr. Thomas' Sixth Amendment rights when it admitted into evidence testimonial hearsay. For the reasons which follow, we affirm the district court's denial of habeas relief.

## I

We assume the parties are familiar with the background of this case. Thus, we summarize the facts and proceedings only insofar as necessary to provide context for our decision.

## A

In a § 2254 proceeding, we review the district court's denial of a habeas petition *de novo*, and factual findings for clear error. *See Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010). A claim of ineffective assistance of counsel is a

mixed question of law and fact that we review *de novo*.  *See id*.  We liberally construe *pro se* filings, including *pro se* applications for relief pursuant to § 2254. *See Dupree v. Warden*, 715 F.3d 1295 (11th Cir. 2013).  In the context of an unsuccessful § 2254 petition, our review is limited to the issues raised in the COA. *See Hodges v. Att'y Gen., State of Fla.*, 506 F.3d 1337, 1340-42 (11th Cir. 2007).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced his defense.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To prove deficient performance, the petitioner must show that counsel's performance fell below an objective standard of reasonableness, and that "no competent counsel would have taken the action that his counsel did take." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc).  When *Strickland*'s deferential standard for measuring attorney performance is viewed through the lens of AEDPA's own deferential standard, the result is a doubly deferential form of review that asks only "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter,* 562 U.S. 86, 89 (2011).  We have stated that it will be a "rare case" when an ineffective assistance claim denied on the merits in state court is found to qualify for relief in a federal habeas proceeding.  *See Gissander v. Seabolt*, 735 F.3d 1311, 1323 (11th Cir. 2013).

3

**B**

Mr. Thomas first argues that he received ineffective assistance when his appellate counsel failed to argue that the admission of jail recordings of conversations between he and his wife lacked authentication.  Mr. Thomas also contends that he received ineffective assistance of counsel when his trial counsel attorney failed to object to (1) questions asked by the prosecutor concerning other witnesses' testimony and Mr. Thomas' failure to tell police what he later testified to at trial, and (2) statements during closing arguments regarding Mr. Thomas' post-Miranda silence.

Here, there was no ineffective assistance concerning the jail recordings. Proper authentication of an audio recording in Florida requires only "evidence sufficient to support a finding that the matter in question is what its proponent claims." *See* Fla. Stat. § 90.901.  Detective Joe Vargo listened to all four phone calls in question and recognized the voices of Mr. Thomas and his wife, Sharon Kelly, as he had spoken to each of them before.  Because the recordings had not been altered or tampered with, the requirement of authentication was satisfied.

Mr. Thomas' second ineffective assistance of counsel claim is that trial counsel failed to object to questions and closing argument by the prosecutor

4

concerning his post-arrest silence.  On cross-examination, the prosecutor asked Mr. Thomas whether he had told the police what he had testified to on direct examination (e.g., that the man police were looking for had taken off through the woods).  Mr. Thomas responded that he had not made that statement to the police.  During closing argument, the prosecutor told the jury that Mr. Thomas had given (in his trial testimony) a couple of versions of how he had ended up in the area of the burglary, but had not discussed those matters with the police.

We agree with the district court, *see* D.E. 33 at 63,  that the prosecutor's questions and comments during closing argument were likely improper under *Doyle v. Ohio*, 426 U.S. 610, 619 (1976) (forbidding use of post-*Miranda* silence to impeach a defendant who testifies at trial).  But we also agree with the district court that Mr. Thomas suffered no prejudice under *Strickland* from his counsel's deficient performance.  First, in his direct examination, Mr. Thomas had already explained why he had not implicated the other person after his arrest.  Second, the evidence against Mr. Thomas — both direct and circumstantial — was strong and conclusive.  *See* D.E. 33 at 9-12.

Mr. Thomas' final claim is that the admission of the recorded calls between he and his wife violated his Sixth Amendment rights.  We disagree, and conclude that the district court properly denied habeas relief on this claim.  The Supreme Court has held that the Confrontation Clause prohibits the admission of

5

"testimonial hearsay" unless the declarant is unavailable and the defendant had a previous opportunity to cross-examine the declarant. *See Crawford v. Washington*, 541 U.S. 36 (2004). Testimonial statements are ones that a declarant "would reasonably expect to be used prosecutorially." *See id.* at 51-52. Here, the conversations in question were not testimonial in nature given that they were between husband and wife, and not ones that someone would reasonably expect to be used at trial. *See Malone v. Kramer*, 2010 WL 1404286, *16-*17 (E.D. Ca. 2010). And even if we found that the admission of the recorded calls between Mr. Thomas and his wife violated the Confrontation Clause, that error would be harmless because it did not have a substantial and injurious effect on the jury's verdict. As noted, the state presented a substantial amount of direct and circumstantial evidence of Mr. Thomas' guilt. *See Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993).

## III

We affirm the district court's denial of Mr. Thomas' § 2254 petition.

**AFFIRMED.**

6