[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12325
Non-Argument Calendar
_____

D.C. Docket No. 8:15-cv-01318-JDW-TGW

CYRILLE M. JOHNSON,

Petitioner - Appellant,

versus

SECRETARY, DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents - Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 5, 2020)

Before WILLIAM PRYOR, MARTIN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Cyrille Johnson, a Florida prisoner proceeding pro se, appeals from the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We granted a certificate of appealability ("COA") to determine whether the district court violated Clisby v. Jones, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Johnson's claim that his lawyer was ineffective for failing to investigate and present his mental health history in mitigation at sentencing. Johnson and the State agree that the district court violated Clisby by failing to address this claim. After careful review, we vacate and remand.

In Clisby, we held that a district court must resolve all claims for relief that a habeas petitioner raises, "regardless [of] whether habeas relief is granted or denied." 960 F.2d at 936. When a district court fails to do so, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938. For purposes of this analysis, a "claim for relief" is "any allegation of a constitutional violation." Id. at 936. Our role under Clisby is limited to determining whether the district court failed to address a constitutional claim, and if so, to vacating the judgment without prejudice and remanding the case to the district court for consideration of the previously unaddressed claim. Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013).

In Johnson's § 2254 petition, he stated under "ground three" that he was "denied 5th, 6th, USCA rights of counsel representation on mental illness history."

2

He also said his mother "sent notice to the attorney of Appellant's mental illness history pretrial," including "detailed information [about his] diagnosis, treatment and therapy." In his memorandum in support of his § 2254 petition, Johnson expanded on ground three, noting that his lawyer's "failure to conduct a thorough investigation of potential mitigating evidence" and to "present adequate mitigating evidence at the penalty phase of the trial" constituted ineffective assistance. Johnson cited a single case in support of ground three, Robinson v. Schriro, 595 F.3d 1086 (9th Cir. 2010), which held that a lawyer rendered ineffective assistance by failing to investigate or present mitigating evidence during the penalty phase of a trial. Id. at 1111–12.

The district court interpreted ground three of Johnson's petition as raising only a claim that his counsel rendered ineffective assistance by failing to investigate his competency to stand trial.[1] As the State concedes, the district court did not address whether Johnson's counsel rendered ineffective assistance by failing to investigate and present his history of mental illness at sentencing. An ineffective assistance of counsel claim implicates a defendant's Sixth Amendment

---

[1] The COA in this case asks only whether the district court violated Clisby by not addressing Johnson's claim that trial counsel was ineffective for failing to investigate and present Johnson's history of mental illness in mitigation at sentencing. In light of the COA and parties' agreement that Clisby error exists, we do not address whether Johnson's petition also raises an ineffective assistance claim based on his lawyer's failure to investigate his competency to stand trial. And for the same reason, we do not address Johnson's argument that the district court erred in finding that his counsel was not ineffective for failing to challenge Johnson's competency to stand trial.

rights, see Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063–64 (1984), and is thus an "allegation of a constitutional violation," see Clisby, 960 F.2d at 936.  The district court therefore committed Clisby error by failing to address Johnson's constitutional claim.  As a result, we vacate the district court's denial of Johnson's § 2254 petition and remand for consideration of his claim that his counsel rendered ineffective assistance by failing to investigate and present his history of mental illness at sentencing.

**VACATED AND REMANDED.**