[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-11479

Non-Argument Calendar

_____

MENSHACK NYEPAH,

Petitioner-Appellant,

*versus*

WARDEN,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:20-cv-03206-SDG

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

In this *pro se* appeal, Menshack Nyepah challenges the denial of his petition under 28 U.S.C. § 2254 for writ of habeas corpus. Nyepah pleaded guilty to two counts of armed robbery, twenty counts of aggravated assault, and twenty counts of false imprisonment for his participation in the robbery of a Georgia bank. A state court sentenced Nyepah to twenty-five years of confinement and an additional twenty-five years of probation. Nyepah moved to withdraw his guilty plea, but the state court denied the motion.

After the Georgia Supreme Court denied his state habeas corpus petition, Nyepah petitioned the district court for federal habeas corpus under 28 U.S.C. § 2254. Nyepah's petition stated four grounds for his unlawful confinement on the court-provided section 2254 form. He also included fourteen additional grounds in an attachment to that form. A magistrate judge issued a report and recommendation and recommended that the district court deny Nyepah's habeas petition. The report and recommendation addressed the fourteen grounds raised in the *attachment* to Nyepah's section 2254 form but did not specifically discuss the four other grounds listed on the form itself. The district court adopted the magistrate judge's report and recommendation and denied Nyepah's petition. Nyepah timely appealed, and we granted a certificate of appealability on the issue of whether the district court

erred by failing to consider four of the eighteen grounds in Nyepah's section 2254 petition.

A district court must "resolve all claims for relief raised in a petition for writ of habeas corpus . . ., regardless whether habeas relief is granted or denied." *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc). If a district court does not address all such claims, we vacate the judgement without prejudice and "remand for consideration of issues the district court chose not to resolve." *Id.* at 935–36, 938. But we do not address whether the underlying claim has any merit. *See Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).

Here, the district court adopted the magistrate judge's report and recommendation, which addressed fourteen of the eighteen grounds in Nyepah's federal habeas petition. But the magistrate judge's report failed to analyze the following grounds raised in the petition:

- plea counsel was ineffective for not ensuring that Nyepah's *Boykin* rights were read to him;

- the trial court improperly sentenced Nyepah for two counts of aggravated assault because Nyepah did not plead guilty to them;

- the trial court erred by denying Nyepah's second motion to withdraw his guilty plea; and

- the trial court should not have denied Nyepah's motion for substitution of counsel.

Because the district court adopted the magistrate judge's report and recommendation without discussing those four grounds, it did not "resolve all claims" in Nyepah's petition. *See Clisby*, 960 F.2d at 936. The government agrees that the district court's denial of Nyepah's petition contravenes *Clisby*. Though Nyepah appears to argue the merits—not the *Clisby* error—on appeal, we may review the issue *sua sponte* because "the proper resolution is beyond any doubt." *See United States v. Campbell*, 26 F.4th 860, 873 (11th Cir. 2022).

Accordingly, we **VACATE** the district court's order denying Nyepah's petition for habeas corpus without prejudice and **REMAND** for consideration of the four unresolved grounds.