[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 22-13562

Non-Argument Calendar

_____

ROBBY GANEZ WHITTAKER,

Petitioner-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-00855-CEM-DAB

_____

Before JORDAN, ROSENBAUM, and GRANT, Circuit Judges.

PER CURIAM:

In this habeas case, we granted a certificate of appealability on one question:  Whether the district court erred in concluding that Robby Whittaker failed to make a showing of actual innocence sufficient to excuse the untimely filing of his 28 U.S.C. § 2254 petition.  On that question, we vacate and remand because the district court did not consider, much less discuss, the allegedly exculpatory evidence presented by Mr. Whittaker.  We express no view on the merits of Mr. Whittaker's claim of actual innocence.

To satisfy the actual-innocence exception, the petitioner must be able to: "(1) present new reliable evidence that . . . was not presented at trial; and (2) to show that it is more likely than not that no reasonable juror would have found [the] petitioner guilty beyond a reasonable doubt in light of the new evidence." *Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1011 (11th Cir. 2012) (internal quotations and citations omitted).  Actual innocence means factual innocence of the petitioner's crime of conviction.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998).  For purposes of the actual-innocence exception, the petitioner must present to the district court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  That being said, "the habeas court's analysis is not

limited to such evidence." *House v. Bell*, 547 U.S. 518, 537 (2006). "The habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." *Id.* at 538 (citation and internal quotation marks omitted).

If new evidence exists, the reviewing court must assess the probative force of the new evidence "in connection with the evidence of [the petitioner's] guilt adduced at trial." *Schlup*, 513 U.S. at 331–32. Put another way, the habeas court must consider all the evidence, old and new, to "make a probabilistic determination about what reasonable, properly instructed jurors would do." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 329). Although actual innocence is a demanding standard, permitting review in only extraordinary cases, it "does not require absolute certainty about the petitioner's guilt or innocence." *Id.*

Briefly, the evidence presented by the government at trial was as follows.

Donte Miller testified that he was "smoking weed" at a house in Orlando and that sometime past midnight on August 10, 2015, while asleep on the living room couch, he was awakened by the sensation of being shot. Mr. Miller saw the shooter's face and recognized him from a nearby corner store. At trial, Mr. Miller identified Mr. Whittaker as the shooter. Rondre Powell, who was also present during the shooting and was a witness for the government, testified on direct examination that although he saw the

shooter's face he could not point him out in the courtroom.  The government impeached Mr. Powell with his prior statement to the police that he had *not* seen the shooter's face.  In response, Mr. Powell testified that he told that to the police at the time because he "didn't want no involvement with [the investigation].  But when I – when I looked at the dude, I know the dude is not in this court-room right now."

Aldouna Bien-Aime, a resident of the house where the shoo-ing occurred, testified that as she let the shooter into her house, she recognized his face from the neighborhood.  Ms. Bien-Aime also identified Mr. Whittaker as the shooter at trial.

By way of physical evidence, law enforcement officers testi-fied that they recovered four .40 caliber cartridges from the scene of the crime, three manufactured by Federal and another by Win-chester.  All of the cartridges were determined to have been fired from the same gun, which was never recovered.  Law enforcement found the same type of ammunition, manufactured by the same companies, in what appeared to be Mr. Whittaker's room.

For the defense, Dewey Whittaker, Mr. Whittaker's brother, testified that the two brothers lived at their mother's house and were playing videogames there during the time of the shooting.  Dewey admitted, however, that he did not know for cer-tain whether Mr. Whittaker had left the house at any point during the evening of the crime.

During deliberations, the jury asked the trial court whether "there [is] any evidence besides the testimony of the brother that

the defendant was at the [their mother's] house during the crime?" The trial court advised the jury to rely on the evidence presented at trial.

Mr. Whittaker's purportedly new evidence consists of the sworn testimony of three witnesses—Mary Vinson, Mr. Whittaker's mother; Ashley Kelly, the mother of Mr. Whittaker's children; and Tianna Whittaker, Mr. Whittaker's minor daughter—providing an alibi on the night of the murder. At an evidentiary hearing before the state habeas court, those three witnesses testified that Mr. Whittaker was with them at home (consistent with his brother's trial testimony) on the night of the murder.

When the district court addressed Mr. Whittaker's actual innocence claim, it called the claim "vague and conclusory" and said that there was no new evidence. But there was no discussion of the state evidentiary hearing (or the evidence presented there) other than a reference to its existence in the procedural background portion of the district court's order. In a seven-page decision, the district court dedicated a single paragraph of analysis to the actual innocence claim and did not address or discuss Mr. Whittaker's purported new evidence of actual innocence. Although we agree that Mr. Whittaker could have done a better job with his petition, "we [must] liberally construe petitions filed pro se." *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).

6                    Opinion of the Court                    22-13562

We therefore vacate and remand for the district court to properly consider the evidence of actual innocence and determine whether Mr. Whittaker made the required showing.

**VACATED AND REMANDED.**