[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10219

Non-Argument Calendar

_____

RAMONT LAMONT ADAMS,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket Nos. 1:22-cv-01337-TCB,
1:19-cr-00217-TCB-JSA-1

_____

Before JORDAN, LUCK, and TJOFLAT, Circuit Judges.

PER CURIAM:

Ramont Lamont Adams, a federal prisoner proceeding pro se, appeals the denial of his motion to vacate under 28 U.S.C. § 2255. We granted a certificate of appealability (COA) on a single issue: whether the District Court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (en banc), by failing to address Adams's claim that trial counsel was ineffective for not moving to dismiss his case based on the alleged untimeliness of the indictment. We conclude that the District Court did not resolve that distinct constitutional claim and so we vacate the District Court's order and remand for further proceedings.

## I.

Adams was convicted in 2021 of robbery and aggravated sexual abuse based on conduct occurring in 2017. He filed a pro se § 2255 motion and an amended motion raising multiple claims. In two supplemental filings, Adams argued that his trial counsel rendered ineffective assistance by failing to move to dismiss the indictment for speedy trial violations. Adams asserted that: (1) the government failed to indict him within 30 days of the crime; and (2) he was not brought to trial within 70 days of indictment, in violation of 18 U.S.C. § 3161(c)(1).

A magistrate judge directed the government to respond to Adams's supplements. The government contended that speedy

24-10219               Opinion of the Court                3

trial exclusions applied and that no prejudice resulted. The magistrate judge then recommended denying relief, finding no ineffective assistance based on the time between indictment and trial. But the report and recommendation did not address Adams's separate assertion that the indictment was untimely in relation to the date of the offense. The District Court adopted the recommendation without further elaboration.

## II.

District courts must address all constitutional claims raised in a § 2255 motion. *Clisby*, 960 F.2d at 936. Although courts need not sift through filings to divine claims not clearly presented, *see Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009), pro se pleadings are to be construed liberally, *see Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013). So if a constitutional claim—such as ineffective assistance of counsel—is fairly presented, a district court *must* address it. *Clisby*, 960 F.2d at 936.

Here, Adams's supplemental motions presented two distinct ineffective-assistance claims: (1) that his attorney failed to object to the delay between indictment and trial, and (2) that his attorney failed to challenge the two-year delay between the alleged offense and the filing of the indictment. The District Court addressed only the former.

Because Adams's second claim was plainly presented and not addressed, the District Court's failure to adjudicate it requires remand under *Clisby*. *See id.* at 935. "We do not address whether [Adams's] claim is meritorious. Under *Clisby*, our role is to vacate

the judgment without prejudice and remand the case to the district court for consideration of the unaddressed claim." *Dupree*, 715 F.3d at 1299.

### III.

The judgment of the District Court is vacated without prejudice, and the case is remanded for consideration of Adams's claim that counsel was ineffective for failing to challenge the timeliness of the indictment.

**VACATED AND REMANDED.**