[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14432
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-01327-MSS-MAP

DANIEL D. STRADER,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(December 28, 2015)

Before WILSON, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Petitioner Daniel Strader, a Florida prisoner proceeding *pro se*, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition. In support of his claim for habeas relief, Petitioner argues that the district court committed error under *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address his claim that the Florida Department of Corrections ("FDOC") violated his due process rights by retroactively canceling his basic gain-time credits. After careful review, we vacate and remand for the district court to address Petitioner's due process claim.

## I. BACKGROUND

### A.    State Criminal Convictions

In August 1995, a Florida jury convicted Petitioner of 238 offenses involving racketeering, conspiracy to commit racketeering, and grand theft. The offenses, which all related to Petitioner's involvement in a Ponzi scheme, were committed between June 3, 1989, and April 13, 1994. Following the jury's verdict, the Florida court sentenced Petitioner to a total of 45 years' imprisonment and 25 years' probation. Petitioner was taken into custody by the FDOC on August 22, 1995.

During the course of Petitioner's criminal enterprise, the Florida legislature enacted a statute that provided that basic gain-time[1] could only be applied to sentences for offenses committed on or after July 1, 1978, and before January 1, 1994. *See* Fla. Stat. § 944.275(6)(a). The FDOC initially applied basic gain-time to Petitioner's sentences for racketeering and conspiracy to commit racketeering based on its determination that the date of his offenses for basic gain-time purposes was the date he commenced the offenses—June 3, 1989.

However, in 2002, the Florida Supreme Court issued the opinion in *Young v. Moore*, 820 So. 2d 901 (Fla. 2002), which stated that, for purposes of gain-time, the date of commission for a continuing felony should be the date of the last overt act in furtherance of the felony. *See id.* at 903 n.4. On September 16, 2005, the FDOC audited Petitioner's sentences in light of *Young*, and determined that his racketeering offenses were committed on the date the offenses ended—April 3, 1994. Because Petitioner's racketeering offenses continued after January 1, 1994, the FDOC determined that he was not entitled to basic gain-time. As a result, the FDOC canceled his basic gain-time credits.

---

[1] Pursuant to Fla. Stat. § 944.275, the FDOC is authorized to grant deductions in prisoners' sentences in the form of gain-time. Fla. Stat. § 944.275(1). The statute provides that the FDOC "shall grant basic gain-time at the rate of 10 days for each month of each sentence imposed on a prisoner." *See id.* § 944.275(4)(a).

3

**B.      State Mandamus Petition**

In 2010, Petitioner filed a petition for writ of mandamus in the Florida court, challenging the FDOC's cancellation of his 15 years of basic gain-time credits. Specifically, he contended that the FDOC's calculation of his basic gain-time in 1995 was correct, and that the retroactive application of the Florida Supreme Court's decision in *Young* violated his due process rights and the Ex Post Facto Clause.

The Florida court denied his petition, concluding that the cancellation of Petitioner's basic gain-time did not violate the Ex Post Facto Clause. The Florida court explained that, because the date of Petitioner's offenses was after January 1, 1994, he was not eligible for basic gain-time at the time when the FDOC mistakenly awarded it to him. Given that Petitioner was never entitled to the basic gain-time credits, the FDOC's cancellation of those credits did not violate the Ex Post Facto Clause. The Florida appellate court subsequently denied Petitioner's petition for writ of *certiorari*.

**C.      Habeas Corpus Proceedings**

In June 2012, Petitioner filed the present § 2254 petition, raising one claim for relief. He alleged that the FDOC singled him out for a "re-audit" and retroactively cancelled his basic gain-time credits in violation of the "Ex Post Facto and Equal Protection Clauses of the U.S. Constitution." He further asserted

4

in a single sentence that "it should go without saying" that he had a "liberty interest" under the Fourteenth Amendment and *Wolff v. McDonnell*, 418 U.S. 539 (1974), in the basic gain-time credits that he was correctly awarded in 1995.

The district court denied the § 2254 petition, concluding that the cancellation of Petitioner's basic gain-time credits did not violate the Ex Post Facto Clause. The district court explained that the revision to the basic gain-time statute—which eliminated basic gain-time for offenses committed after January 1, 1994—was not retroactively applied to Petitioner because the statute was revised before Petitioner's offenses ended. Because Petitioner was not legally entitled to accrue basic gain-time, he did not have any legally enforceable right based on the FDOC's initial error in awarding him those credits.

Petitioner appealed and we subsequently granted a certificate of appealability on the following issue:

> Whether the district court committed error in violation of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (*en banc*), by failing to address [Petitioner's] claim that the [FDOC] violated the Due Process Clause of the U.S. Constitution when it retroactively cancelled his basic gain-time based on the Florida Supreme Court opinion *Young v. Moore*, 820 So.2d 901, 903 n.4 (Fla. 2002)?

## II.  DISCUSSION

We review *de novo* a district court's denial of a habeas petition under § 2254.  *Madison v. Comm'r, Ala. Dep't of Corrs.*, 761 F.3d 1240, 1245 (11th Cir.

5

2014).  We also review *de novo* legal issues presented in a certificate of appealability.  *Dupree v. Warden*, 715 F.3d 1295, 1298 (11th Cir. 2013).

*Clisby* requires the district court to resolve all claims for relief raised by a habeas petitioner, regardless of whether the district court grants or denies relief. *See Clisby*, 960 F.2d at 936.   Thus, if the district court fails to address all claims raised by a petitioner, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims."  *Id.* at 938.

For purposes of *Clisby*, a claim for relief "is any allegation of a constitutional violation."  *Id.* at 936.  Although we liberally construe habeas petitions filed *pro se*, we require a habeas petitioner to "present a claim in clear and simple language such that the district court may not misunderstand it." *Dupree*, 715 F.3d at 1299; *Smith v. Sec'y*, *Dept. of Corrs.*, 572 F.3d 1327, 1352 (11th Cir. 2009) (stating that a claim must be adequately presented to the district court).  In *Smith*, we determined that a petitioner did not adequately present a claim to the district court where he mentioned it in one sentence in his 116-page habeas petition without any citation to authority, and also failed to reference it in his combined 123-page supporting memoranda of law.  *Smith*, 572 F.3d at 1352. Conversely, in *Dupree*, we concluded that two sentences within a 15-page supporting memorandum of law were sufficient to raise an ineffective-assistance-

of-counsel claim, where the petitioner stated in his habeas petition that his ineffective-assistance claims were raised in his supporting memorandum of law. *Dupree*, 715 F.3d at 1299.

Here, we conclude that the district court violated *Clisby* by failing to address Petitioner's claim that the FDOC's cancellation of his basic gain-time violated his due process rights. In his § 2254 petition, Petitioner stated that he had a "liberty interest" in his basic gain-time credit under the Fourteenth Amendment and the Supreme Court's decision in *Wolff*. Although Petitioner did not explicitly state that he was raising a due process claim—as he did with his claims under the Equal Protection and Ex Post Facto Clauses—construing his petition liberally, his statement adequately presented a claim that the cancellation of his basic gain-time credits violated his due process rights. *See Dupree*, 715 F.3d at 1299; *see also Wolff*, 418 U.S. at 542–43, 553–58 (considering a due process challenge to prison disciplinary proceedings for loss of good-time credit raised in a 42 U.S.C. § 1983 complaint); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) (referring to the "liberty" language of the Fourteenth Amendment's Due Process Clause).

Moreover, Petitioner's § 2254 petition was only 14 pages long, was filed on the habeas petition form, and included just seven short paragraphs describing his proposed ground for relief. He also did not file any supporting memoranda of law. Thus, Petitioner's one-sentence reference to his "liberty interest" in his gain-time

7

credits was far more like the claim we considered adequately presented in *Dupree*, than the one we concluded was not adequately presented in *Smith*.  *See Dupree*, 715 F.3d at 1299; *Smith*, 572 F.3d at 1352.  In sum, Petitioner's statement regarding his "liberty interest" in his gain-time credits presented the claim in a way that the district court could understand it.  *See Dupree*, 715 F.3d at 1299.  Indeed, in its response to Petitioner's habeas petition, the Respondent asserted that Petitioner was raising a claim under the Due Process and Ex Post Facto Clauses.

Because the district court did not resolve this claim, it erred under *Clisby*.  *See Clisby*, 960 F.2d at 936.  Accordingly, we vacate the judgment without prejudice and remand the case to the district court to consider Petitioner's due process claim.

**VACATED AND REMANDED.**