[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-11925
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00586-PGB-KRS

FREDDIE J. SIPLEN, JR.,

Plaintiff-Appellant,

versus

SECRETARY, FLORIDA  DEPARTMENT OF CORRECTIONS,
FLORIDA ATTORNEY GENERAL,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 10, 2016)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

Freddie Siplen, Jr., a Florida prisoner, appeals *pro se* the district court's denial of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254(d).  The district court granted a certificate of appealability on whether Mr. Siplen demonstrated prejudice resulting from his counsel's alleged failure to properly advise him of the maximum sentence he could receive if he rejected the state's plea offer.  For the reasons below, we affirm the district court's denial of Mr. Siplen's petition for habeas relief. [1]

## I

We generally review a district court's denial of a habeas petition under § 2254(d) *de novo*.  *See Ward v. Hall*, 592 F.3d 1144, 1155 (11th Cir. 2010).  A claim of ineffective assistance of counsel is a mixed question of law and fact in which findings of fact are reviewed for clear error and legal determinations are reviewed *de novo*.  *See Conklin v. Schofield*, 366 F.3d 1191, 1201 (11th Cir. 2004).  We liberally construe *pro se* filings, including *pro se* petitions for habeas relief.  *See Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).

## A

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), federal courts are precluded from granting a habeas petition on a claim that was

---

[1]    We assume the parties are familiar with the background of this case.  Thus, we summarize the facts and proceedings only as necessary to provide context for our decision.

adjudicated on the merits in state court unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the (s)tate court proceeding."   28 U.S.C. § 2254(d).   A state court's factual determinations are presumed correct, unless the petitioner rebuts the presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

To establish a claim of ineffective assistance of counsel, a petitioner must show (1) that his attorney's performance was deficient and (2) that the deficient performance prejudiced him.  *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  We may affirm the denial of a habeas petition for lack of prejudice without addressing whether counsel's performance was deficient.  *See Hill*, 474 U.S. at 60; *Evans v. Sec'y Dep't of Corr.*, 703 F.3d 1316, 1326 (11th Cir. 2013).  *See also Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

To demonstrate prejudice in a scenario where a plea offer was rejected, a habeas petitioner must show a reasonable probability that, but for counsel's error, (1) the plea offer would have been presented to the court (i.e., the petitioner would have accepted the guilty plea), (2) the court would have accepted its terms, and (3)

the offer's terms would have resulted in a less severe sentence. *See Lafler v. Cooper*, 566 U.S. __, __, 132 S. Ct. 1376, 1385 (2012); *Osley v. United States*, 751 F.3d 1214, 1223 (11th Cir. 2014). In determining whether the petitioner would have accepted a plea offer, a petitioner's insistence of innocence, while not dispositive, is a relevant consideration. *See Osley*, 751 F.3d at 1224-25.

**B**

After pleading guilty in three felony cases of driving with a suspended license, Mr. Siplen was required to serve 18 months of community control and 18 months of probation. During his term of community control, he was arrested for the first-degree felony of attempted robbery with a firearm. Subsequent to the arrest, the state alleged violations of his community control ("VOCCs") based on the alleged attempted robbery, and presented Mr. Siplen with a global plea offer of two years of imprisonment for the three VOCCs and a reduced charge of attempted strong armed robbery, a third-degree felony. Each of the four charges (the attempted robbery and the VOCCs) carried a maximum five-year term. Mr. Siplen rejected the plea offer.

At the VOCC hearing, the state court found that Mr. Siplen had violated his community control. It sentenced him to consecutive five-year terms of imprisonment for each of the three VOCCs.

4

Prior to his trial on the attempted robbery with a firearm charge, the state offered Mr. Siplen a second plea offer for a 15-year sentence that would run concurrently with the VOCC sentences. Mr. Siplen rejected the second plea offer. At trial, the jury found Mr. Siplen guilty as charged, and the state court subsequently sentenced him to a 30-year term of imprisonment, to run consecutive to the VOCC sentences. Mr. Siplen was later resentenced to a 15-year term of imprisonment consecutive to the VOCC sentences with a 10-year minimum mandatory term of imprisonment. In total, Mr. Siplen is serving a 40 year term of imprisonment.

Mr. Siplen contends that he was denied effective assistance of counsel because his attorney did not properly advise him regarding the statutory maximum sentences prior to his rejection of state's two-year global plea offer. First, Mr. Siplen argues that the state court improperly conflated his rejection of the state's two-year plea offer for all charges with his later rejection of a 15-year plea offer for the attempted armed robbery charge. Second, Mr. Siplen insists that his rejection of the two-year global plea offer was involuntary because he was unaware of the statutory maximum sentences. Third, Mr. Siplen claims the state court ignored evidence of his counsel's ineffectiveness. Finally, Mr. Siplen asserts he established a reasonable probability that he would have accepted the two-year global plea deal.

5

We agree with the district court that the state court's ruling was not contrary to or an unreasonable application of federal law, and was not based on an unreasonable determination of the facts. The state court found that Mr. Siplen had not established that, but for his counsel's allegedly incorrect advice, he would have accepted the plea. After a three-day evidentiary hearing, the state court found that Mr. Siplen did not intend to accept any plea offer, regardless of the terms. The state court based its finding on Mr. Siplen's demeanor, testimony, and claims of innocence. We conclude, based on our review of the record, that Mr. Siplen has not rebutted the presumption of correctness given to the state court's factual determinations by clear and convincing evidence. We therefore presume the state court's findings are correct. Given our ruling on prejudice, we need not and do not address whether Mr. Siplen's counsel rendered deficient performance.

## II

We affirm the district court's denial of Mr. Siplen's petition for writ of habeas corpus.

**AFFIRMED.**

6