[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13894
Non-Argument Calendar
_____

D.C. Docket No. 8:13-cv-02649-VMC-TGW


BRUCE CUNNINGHAM,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
ATTORNEY GENERAL, STATE OF FLORIDA,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 5, 2019)


Before MARCUS, ROSENBAUM and BLACK, Circuit Judges.

PER CURIAM:

Bruce Cunningham, a Florida prisoner proceeding *pro se*, appeals from the district court's denial of his 28 U.S.C. § 2254 petition for habeas corpus relief. We granted a certificate of appealability (COA) to determine whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by failing to address one of Cunningham's claims alleging his counsel was ineffective, specifically, that his trial counsel was ineffective by failing to redact portions of a deposition he read at trial that introduced collateral act evidence. Cunningham contends the district court violated *Clisby*, and the State agrees. After review,[1] we vacate and remand.

In *Clisby*, we held that when a district court fails to address every claim raised in a habeas petition, regardless of whether relief is granted or denied, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." 960 F.2d at 936, 938. Under *Clisby*, a claim "is any allegation of a constitutional violation." *Id*. at 936. Allegations of distinct constitutional violations constitute separate claims for relief, even if the allegations arise from the same operative facts. *Id*. Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights, and thus,

---

[1] When examining the denial of a petition filed under 28 U.S.C. § 2254, we review questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Stewart v. Sec'y, Dep't of Corr.*, 476 F.3d 1193, 1208 (11th Cir. 2007). The scope of review is limited to the issues specified in the COA. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (addressing a motion filed under 28 U.S.C. § 2255).

is a claim of a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Under *Clisby*, our only role is to determine whether the district court failed to address a claim, and, where we determine that it did, to vacate the judgment without prejudice and remand the case for consideration of the claim. *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013).

As the state concedes, the district court failed to address Cunningham's ineffective assistance of counsel claim pertaining to his counsel's failure to redact portions of a deposition transcript of an alibi witness, Mary Walters, that was read at trial. Cunningham alleged in his petition that his trial counsel was ineffective by failing to adequately and fairly present an alibi defense that he advised the jury he was going to present. One of the reasons that Cunningham proffered—and that would individually satisfy a claim for ineffective assistance of counsel—was that his counsel failed to redact portions of a deposition transcript that was read at trial, which resulted in the introduction of collateral act evidence that resulted in his conviction.

However, neither the state in its response to Cunningham's petition for habeas corpus, nor the district court, in its order, addressed this matter. Indeed, the district court did not even mention that Cunningham raised the issue, despite Cunningham's claim being raised in clear and simple language, such that the district court may not misunderstand it or fail to resolve it. *See id.* ("A habeas

3

petitioner must present a claim in clear and simple language such that the district court may not misunderstand it.").  Accordingly, we vacate the denial of his petition, and remand the case for further proceedings.[2]

**VACATED and REMANDED.**

---

[2] The state also contends that the district court would lack jurisdiction to resolve Cunningham's claim because he did not exhaust state court remedies in regard to that claim. However, we do not need to resolve the state's contention.  Because our role is to determine whether the district court failed to address a claim, and, where we determine that it did, to vacate the judgment without prejudice and remand the case for consideration of the claim, *Dupree*, 715 F.3d at 1299, we do not need to determine whether the underlying claim is meritorious, and thus, we leave it to the district court to determine in the first instance whether it has jurisdiction over this claim.