[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15005
Non-Argument Calendar
_____

D.C. Docket Nos. 0:18-cv-60488-PCH; 0:15-cr-60025-CMA-1

TAYLOR JORDAN WARDLOW,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Plaintiff-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 17, 2020)

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Taylor Wardlow, a federal prisoner, appeals from the district court's denial of his motion to vacate his convictions under 28 U.S.C. § 2255.  He argues, and the government agrees, that the district court violated *Clisby v. Jones*, 960 F.2d 925, 936–37 (11th Cir. 1992) (en banc), by failing to address all four of his claims of ineffective assistance of counsel.

We have said that a district court must resolve all claims for relief raised in a § 2255 motion, regardless of whether relief is granted or denied.[1]  *Rhode v. United States*, 583 F.3d 1289, 1291–92 (11th Cir. 2009) (per curiam); *see Clisby*, 960 F.2d at 936 (addressing a § 2254 petition) .  And we have said that when a district court fails to consider every claim raised in a § 2255 motion and dismisses, "we will vacate the judgment without prejudice and remand the case for consideration of all the remaining claims."  *See Dupree v. Warden*, 715 F.3d 1295, 1298 (11th Cir. 2013) (addressing a § 2254 petition).  We do not address whether an underlying claim is meritorious.  *Id*. at 1299.

With all that in mind, this is a pretty straightforward case.  Wardlow raised four distinct allegations of ineffective assistance of counsel, each of which was an

---

[1] In this context, a "claim for relief" is defined as "any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936.  Allegations of distinct constitutional violations constitute separate claims for relief, even if the allegations arise from the same operative facts. *Id.*  Ineffective assistance of counsel constitutes a violation of a defendant's Sixth Amendment rights, and, thus, is a claim of a constitutional violation. *Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).

2

alleged constitutional violation and therefore its own claim for relief.  *See Rhode*, 583 F.3d at 1291–92; *Clisby*, 960 F.2d at 936; *Strickland*, 466 U.S. at 686.  The district court did not meaningfully address three of Wardlow's four ineffective-assistance claims at the evidentiary hearing or in any of its orders.  It follows then that the district court's denial of Wardlow's § 2255 motion was in violation of *Rhode* and *Clisby*.  We therefore vacate and remand for the district court to consider the rest of Wardlow's ineffective-assistance claims.

**VACATED AND REMANDED**.