[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————

No. 19-14284

Non-Argument Calendar

————————————

EMANUEL DWAYNE PRIDE,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
SECRETARY DEPARTMENT OF CORRECTIONS,

Respondents-Appellees.

————————————

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 3:16-cv-00403-RV-GRJ

————————————

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Emanuel Pride, a Florida prisoner, appeals from the district court's denial of his 28 U.S.C. § 2254 petition. We granted a certificate of appealability (COA) regarding Pride's third claim in his § 2254 petition—whether Pride was precluded from presenting his defense theory that the cocaine seized from the car belonged to James Peerless. Our COA asked whether Pride properly exhausted his state court remedies by fairly presenting at trial and on direct appeal his claim the trial court denied his Sixth Amendment rights by excluding testimony from Pride or his girlfriend that (1) James Peerless had driven the car, inside which cocaine and marijuana were found, immediately before Pride was arrested driving the car, and (2) shortly after his arrest, Pride participated in a controlled buy with Peerless.[1] After review, we affirm the district court's denial of Pride's § 2254 petition because Pride failed to exhaust, and thus procedurally defaulted, his claim.

---

[1] We then later expanded the COA to include another question: whether the district court erred by denying Pride's claim the state trial court's evidentiary rulings, preventing him from testifying that illicit drugs belonged to Peerless and from eliciting testimony from a law enforcement officer that Peerless arrived at a controlled buy with illicit drugs, deprived Pride of his Sixth Amendment right to present a complete defense and rendered his trial fundamentally unfair. Because we conclude the district court did not err in determining Pride failed to exhaust this claim, we need not answer this merits question.

19-14284                Opinion of the Court                3

As an initial matter, Pride did not file objections to the magistrate judge's report and recommendation to deny his § 2254 motion, including the claim at issue in this appeal.  The district court then adopted the report and recommendation.  The magistrate judge  warned Pride that if he failed to object, he would waive the right to challenge on appeal the unobjected-to fact findings and legal conclusions.  *See* 11th Cir. R. 3-1 (providing the failure to object to a report and recommendation "waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object").  However, even in the absence of a proper objection this Court may exercise its discretion to review the exhaustion and merits bases for denying Pride's claim for plain error[2] if necessary in the interests of justice.  *Id.*

Before bringing a habeas action under 28 U.S.C. § 2254, a petitioner must exhaust all state court remedies that are available for challenging his conviction, either on direct appeal or in a state post-conviction motion.  28 U.S.C. § 2254(b), (c).  "[O]rdinarily a state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief (or a similar document) that does not alert it to the presence of a federal claim in order to

---

[2] "Under plain error review, we can correct an error only when (1) an error has occurred, (2) the error was plain, (3) the error affected substantial rights, and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Dupree v. Warden*, 715 F.3d 1295, 1301 (11th Cir. 2013).

4                      Opinion of the Court                    19-14284

find material, such as a lower court opinion in the case, that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Although we do not require "a verbatim restatement of the claims brought in state court," the claims that the prisoner presented to the state court must allow a "reasonable reader [to] understand each claim's particular legal basis and specific factual foundation." *McNair v. Campbell*, 416 F.3d 1291, 1302 (11th Cir. 2005) (quotation marks omitted). Where a petitioner has not properly presented his claims to the state courts, he has procedurally defaulted his claims in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999).

Although the exhaustion requirement's "broad principles are relatively clear," the minimum requirements that a habeas petitioner must meet in order to exhaust his remedies are not. *See McNair*, 416 F.3d at 1302 (noting that "many courts have struggled to pinpoint the minimum requirements" for exhaustion). In an attempt to provide guidance, the Supreme Court has stated that a petitioner can exhaust his state court remedies "by citing in conjunction with the claim the federal source of law on which he relies . . . [, by citing] a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" *Baldwin*, 541 U.S. at 32. Further, we have held a habeas petitioner does not exhaust his remedies by merely (1) going through the state courts; (2) presenting to the state courts all the facts necessary to support the federal claim; or (3) presenting to the state courts a "*somewhat* similar state-law claim." *McNair*, 416 F.3d at 1302 (quotation marks omitted) (emphasis added). We noted the exhaustion requirement must be

19-14284              Opinion of the Court                    5

applied in light of its purpose, namely, "to afford the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary." *Id.* We held "the exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift needles in the haystack of the state court record." *Id.* at 1303.

In *McNair*, an Alabama prisoner filed a federal habeas petition asserting that the jurors' consideration of extraneous evidence deprived him of his right to a fair trial under the Sixth Amendment of the United States Constitution. *Id.* at 1301. In presenting his claims to the state court, McNair asserted "the jury improperly considered and relied on extraneous evidence *in violation of Alabama law*," and the Alabama Court of Criminal Appeals addressed his claim solely under state law principles. *Id.* at 1302 (quotations omitted). We determined McNair's state court brief to the Alabama Court of Criminal Appeals, as well as his petition for *certiorari* to the Alabama Supreme Court, contained only two references to federal law: (1) a citation to a case from the Northern District of Georgia, for the proposition that courts have consistently reversed convictions where jurors considered extraneous evidence; and (2) a statement in the closing paragraph of McNair's argument that the jurors' consideration of the Bible violated his rights under the "Fifth, Sixth, Eighth[,] and Fourteenth Amendments to the United States Constitution, the Alabama Constitution[,] and Alabama law." *Id.* at 1303 (alterations in original). We held McNair's state court arguments were insufficient to exhaust his state court

6                    Opinion of the Court                    19-14284

remedies because he did not mention the federal standard that extraneous evidence is presumptively prejudicial or "cite[] any United States Supreme Court or federal appellate court case dealing with extraneous evidence." *Id.* at 1303–04.  Accordingly, we held the district court had correctly concluded that McNair's Sixth Amendment claim was procedurally barred due to lack of exhaustion. *Id.* at 1304.

Pride cannot meet his burden of showing the district court plainly erred.  First, Pride has failed to show the district court plainly erred by holding he failed to exhaust his state court remedies because he did not fairly present at trial or on direct appeal his federal claim that the trial court denied his Sixth Amendment rights by excluding testimony from Pride regarding Peerless's use of the car or participation in a controlled buy. Pride has not pointed to, and research has not revealed, a case from this Court or the Supreme Court directly and clearly resolving whether his arguments at trial or on direct appeal were sufficient to exhaust his claim. *See United States v. Lejarde-Rada*, 319 F.3d 1288, 1291 (11th Cir. 2003) (explaining "where the explicit language of a statute or rule does not specifically resolve an issue, there can be no plain error where there is no precedent from the Supreme Court or this Court directly resolving it").

At trial, Pride did not argue his Sixth Amendment rights were being violated, raise any federal claim, or cite to any federal cases regarding his argument that evidence Peerless arrived at the controlled buy with drugs should have been admitted allowing him

19-14284                Opinion of the Court                7

to present his theory of defense.  Rather, he made one comment regarding the general principle of giving a defendant latitude to explore his theory of defense.  Pride has not pointed to any case establishing this was sufficient to raise a federal Sixth Amendment claim to the trial court.  To the contrary, the Supreme Court stated that such a reference to the general legal principle is not sufficient to fairly present to the trial court the substance of a federal Sixth Amendment claim. *See Anderson v. Harless*, 459 U.S. 4, 6-7 (1982) (holding the habeas petitioner must have fairly presented to the state courts the substance of his federal habeas corpus claim and rejecting the argument the due process ramifications of the petitioner's argument were self-evident and thus sufficient for exhaustion purposes).

Further, on direct appeal, Pride's arguments regarding the claim relied on state law almost exclusively, except a mention that *Vannier v. State*, 714 So. 2d 470, 471 (Fla. 4th DCA 1998) cited to *Chambers v. Mississippi*, 410 U.S. 284 (1973), for the principle that few rights are more fundamental than that of an accused to present witnesses in his own defense.  The only other reference to federal law in Pride's argument on direct appeal was his final conclusory statement that the evidentiary ruling amounted to a violation of his "fundamental Sixth Amendment right." Again, Pride has not pointed to any on-point binding precedent establishing this was sufficient to present a federal Sixth Amendment claim on direct appeal.  Moreover, this Court's precedent on exhaustion supports this mention was insufficient.  Unlike the petitioner in *Mason v. Allen*,

Pride did not explain which Sixth Amendment right he was deprived of or point to specific facts that would make up a Sixth Amendment claim in a way that would alert the state court that he was asserting a federal constitutional issue. 605 F.3d 1114, 1122 n.5 (11th Cir. 2010) (holding Mason properly presented his Sixth Amendment Confrontation Clause argument to the state court and therefore exhausted his claim because, on direct appeal, he specifically argued he was "deprived of his Sixth Amendment right to confront the witness who accused him"). This was more akin to the circumstances in *McNair*, which were insufficient to raise a federal claim, because this comment alone did not present the substance of a federal habeas claim and did not mention the actual federal standards from the Sixth Amendment on which he was relying. *See McNair*, 416 F.3d at 1303-04. His reference to the Sixth Amendment was generic and thus was not sufficient to exhaust a federal claim.

Also similar to *McNair*, Pride's only reference to a federal case was for a generic legal principle regarding the importance of a defendant's right to present witnesses. *McNair*, 416 F.3d at 1303-04. Further, the citation to *Chambers* was only through his citation of a Florida state law case, *Vannier*. Pride also explicitly stated that the Florida Supreme Court's statement in *Rivera v. State*, 561 So. 2d 536 (Fla. 1990), regarding the admissibility of evidence that could show reasonable doubt demonstrated his position throughout and was the basis for reversal on this issue. Pride argues he exhausted his federal argument by labeling his claim federal with a

reference to the Sixth Amendment, but this argument fails given that his argument consistently relied on state law until his conclusory statement and that he did not explicitly label his claim as a federal one. *Baldwin*, 541 U.S. at 32.

In sum, because Pride did not identify any on-point precedent from this Court or the Supreme Court showing he sufficiently exhausted his federal claim and, to the contrary, the circumstances of his case are more akin to those in which this Court found a failure to exhaust than those in which it found exhaustion, he cannot show the district court's denial of his claim on the basis of failure to exhaust and procedural default was plain error. Because he failed to exhaust state remedies and procedurally defaulted his claim, we need not address the merits of Pride's claim.

**AFFIRMED**.