[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-10007

Non-Argument Calendar

_____

JASON PHILPOT,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:15-cr-00028-TWT-LTW-1

_____

Before WILLIAM PRYOR, Chief Judge, and NEWSOM and ANDERSON, Circuit Judges.

PER CURIAM:

Jason Philpot, a federal prisoner, appeals *pro se* the denial of his motion to vacate his convictions for Hobbs Act robbery, 18 U.S.C. §§ 1951(a) and 2, discharging a firearm during a crime of violence, *id.* § 924(c)(1)(A)(iii), and being a felon in possession of a firearm, *id.* § 922(g)(1). 28 U.S.C. § 2255. We granted a certificate of appealability to address whether the district court erred by entering judgment against Philpot after ruling on only one of his nine claims for relief. *Clisby v. Jones*, 960 F.2d 925, 936–37 (11th Cir. 1992) (en banc). Because we conclude that the district court erred by not considering all his constitutional claims, *see id.*, we vacate and remand for further proceedings.

A district court must resolve all claims for relief raised in a motion to vacate, 28 U.S.C. § 2255, regardless of whether it grants or denies relief. *Rhode v. United States*, 583 F.3d 1289, 1291–92 (11th Cir. 2009); *Clisby*, 960 F.2d at 936 (addressing a section 2254 petition). "A claim for relief for purposes of this instruction is any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. When a district court fails to resolve every claim, "we will vacate the judgment without prejudice and remand the case for consideration of all of the remaining claims" without addressing whether the underlying claims are meritorious. *Dupree v. Warden*, 715 F.3d 1295, 1298–99 (11th Cir. 2013) (addressing a section 2254 petition).

22-10007                 Opinion of the Court                          3

In his *pro se* initial brief, Philpot mentions that the district court failed to address eight of his claims for relief, though he does not argue that it was error for the district court not to do so. *See United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (en banc) ("Typically, issues not raised in the initial brief on appeal are deemed abandoned."). The government concedes that the district court erred by not addressing Philpot's other claims, all of which he prominently raised in his motion and the government addressed in its response. Because the proper resolution of this issue is beyond any doubt, we may consider *sua sponte* the otherwise forfeited issue of *Clisby* error. *See id.* at 873–74, 877.

The district court erred by not resolving all the claims in Philpot's motion to vacate, 28 U.S.C. § 2255. His claims included ineffective assistance of counsel, violation of the Confrontation Clause, and error under *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The district court entered judgment against Philpot "with respect to the *Rehaif* claim" and did not address any of his other prominently-raised constitutional grounds for relief. *See Clisby*, 960 F.2d at 936. We **VACATE** the order denying Philpot's motion to vacate and **REMAND** for further proceedings consistent with this opinion.

**VACATED** and **REMANDED**.