[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-14318

Non-Argument Calendar

_____

MICHAEL RAY ALFORD,

Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket Nos. 5:19-cv-00488-RH-MAL,
5:16-cr-00028-RH-MAL-1

_____

Before ROSENBAUM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Michael Alford, a federal prisoner proceeding *pro se*, appeals the dismissal of Alford's 28 U.S.C. § 2255 motion to vacate. We granted a certificate of appealability (COA) on two issues:

(1) Whether the district court violated *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992) (*en banc*), by construing "Ground Eight" and "Ground Nine" of Alford's § 2255 motion as alleging ineffective assistance of appellate counsel, rather than government misconduct and errors by the trial court; and, if so,

(2) Whether "Ground Eight" and "Ground Nine," and the multiple subclaims supporting them, plausibly alleged constitutional violations based on government misconduct and errors by the trial court?

District courts must resolve all claims for relief raised in a § 2255 motion, regardless of whether habeas relief is granted or denied. *See Clisby*, 960 F.2d at 935-36; *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending *Clisby* to § 2255 motions). A claim for relief is "any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. When a district court does not address all constitutional claims in a habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

The Sixth Amendment guarantees the right to a fair trial. *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 551 (1976). A "fair trial in a fair tribunal is a basic requirement of due process." *Id.* (quotation marks omitted). The prosecutor's or trial judge's remarks and conduct at trial and improper jury instructions can under certain circumstances violate the defendant's constitutional rights to a fair trial and due process. *See Whisenhant v. Allen*, 556 F.3d 1198, 1207 (11th Cir. 2009); *United States v. Harriston*, 329 F.3d 779, 789-90 (11th Cir. 2003); *United States v. Prather*, 205 F.3d 1265, 1270 (11th Cir. 2000).

Grounds Eight and Nine, viewed cumulatively with the subclaims argued under both grounds—which, among other things, alleged several instances of the Government misleading the jury, mischaracterizing the evidence throughout trial, presenting false testimony, and the court improperly instructing the jury and allowing the Government to present evidence not disclosed in discovery—alleged violations of Alford's constitutional rights to a fair trial and due process. *Nebraska Press Ass'n*, 427 U.S. at 551. Alford's motion raised the issues of whether the Government's conduct resulted in a violation of Alford's right to a fair trial in Ground Eight and whether the district court committed errors that deprived Alford's right to a fair trial in Ground Nine.

The district court erred in construing Grounds Eight and Nine of Alford's § 2255 motion to vacate as ineffective assistance of appellate counsel claims and violated *Clisby* by not considering Grounds Eight and Nine as the constitutional claims they were. *See*

*Dupree v. Warden*, 715 F.3d 1295, 1298-99 (11th Cir. 2013) (reviewing *de novo* the legal question of whether the district court violated the rule in *Clisby* by failing to address a claim).  The Report and Recommendation (R&R), which the district court adopted, restated the issues that Alford presented in Grounds Eight and Nine, yet erroneously construed both grounds solely as claims alleging ineffective assistance of appellate counsel.  Although Alford referenced appellate counsel's failure to raise these issues at the conclusion of Grounds Eight and Nine, Alford did so independent of the underlying constitutional claims.  Alford did not, as the R&R considered, raise standalone ineffective assistance of appellate counsel claims in Grounds Eight and Nine.  Accordingly, we vacate the judgment without prejudice and remand for consideration of the two remaining claims by the district court.

**VACATED AND REMANDED**.