**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 23-13827

Non-Argument Calendar

_____

TIMOTHY JARRED PAIGE,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket Nos. 9:22-cv-80895-RLR,
9:18-cr-80228-RLR-1

_____

Before ROSENBAUM, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

Timothy Paige, a federal prisoner proceeding *pro se*, appeals the district court's order denying his 28 U.S.C. § 2255 motion.

When the district court denied the motion, it failed to address Paige's claims that he was denied effective assistance of counsel when his appellate counsel failed to raise challenges to (1) his conviction on the basis that the government failed to prove that he knew he was prohibited from possessing a firearm, *see Rehaif v. United States*, 588 U.S. 225 (2019), or (2) his sentence on the basis that he was not eligible for a career-offender enhancement.

District courts must "resolve all claims for relief raised in a petition for writ of habeas corpus . . . , regardless [of] whether habeas relief is granted or denied." *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc). For these purposes, a claim for relief is "any allegation of a constitutional violation." *Id.* Allegations of two separate constitutional violations "constitute two distinct claims for relief, even if both allegations arise from the same alleged set of operative facts." *Id.* If a district court fails to resolve all the claims raised by a prisoner, we must "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938. We have extended this reasoning to § 2255 motions. *See Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009).

We review "*de novo* the legal question of whether the district court violated the rule announced in *Clisby*" by failing to address a prisoner's claim. *Dupree v. Warden*, 715 F.3d 1295, 1299–1300 (11th Cir. 2013).

Here, the district court committed *Clisby* error. It failed to address Paige's claims alleging that he was denied effective

assistance of counsel on appeal when his attorney failed to raise a *Rehaif* challenge to his conviction or a challenge to the district court's application of a career-offender enhancement at sentencing. It is true that in denying the § 2255 motion the district court addressed whether Paige's *trial counsel* provided ineffective assistance in failing to raise these issues before the district court. But the district court appears to have overlooked that Paige separately raised claims alleging ineffective assistance by *appellate counsel*. Under *Clisby*, the district court erred in denying the § 2255 motion without addressing these claims. *See* 960 F.2d at 936.

The government "concedes the *Clisby* error." Appellee's Br. 11. It nevertheless urges us to affirm because it says that Paige failed to adequately raise any *Clisby* issue on appeal. To adequately raise an issue on appeal, a party must do more than make "passing references to it" and cannot simply mention an issue "in a perfunctory manner without supporting arguments and authority." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). In addition, "we read briefs filed by *pro se* litigants liberally." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). Still, "issues not briefed on appeal by a *pro se* litigant are deemed abandoned." *Id.* After carefully reviewing Paige's appellant's brief, we conclude that he adequately raised the *Clisby* issue on appeal.

4                     Opinion of the Court                 23-13827

Given the district court's *Clisby* error, we vacate and remand for the district court to consider Paige's unaddressed ineffective-assistance claims.[1]

**VACATED AND REMANDED.**

---

[1] To the extent that Paige raises any other issues on appeal, they are outside the scope of the certificate of appealability, and we will not address them. *See Rhode*, 583 F.3d at 1290–91.