**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-11033
Non-Argument Calendar
_____

ANDRES MENCIA,

*Petitioner-Appellant,*

*versus*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:24-cv-62261-WPD
_____

Before WILLIAM PRYOR, Chief Judge, and LUCK and LAGOA, Circuit Judges.

PER CURIAM:

2                           Opinion of the Court                        25-11033

Andres Mencia, a former physician, appeals the denial of his motion to vacate his conviction for conspiracy to dispense controlled substances without a legitimate medical purpose, 21 U.S.C. §§ 841(a), 846. 28 U.S.C. § 2255. We granted a certificate of appealability to address whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address Mencia's argument that his motion was timely based on an intervening change in law. Because his timeliness argument fails as a matter of law, we affirm.

After we affirmed Mencia's conviction on remand from the Supreme Court, our mandate issued on February 1, 2023. In November 2024—more than one year later—Mencia filed a motion to vacate that conviction. 28 U.S.C. § 2255. He argued that the motion was timely because *Ruan v. United States*, 597 U.S. 450 (2022), and *United States v. Duldulao*, 87 F.4th 1239 (11th Cir. 2023), constituted intervening changes in law. The district court denied the motion as untimely and, alternatively, on the merits, without addressing the *Ruan* and *Duldulao* argument.

A district court must resolve all constitutional claims raised in a motion to vacate to ensure a full record for appellate review. *Clisby*, 960 F.2d at 935–938; *see also Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (applying *Clisby* in a section 2255 proceeding). Although a failure to do so ordinarily requires us to vacate the judgment and remand for further consideration, *see Dupree v. Warden*, 715 F.3d 1295, 1298–1299 (11th Cir. 2013), a remand is

unnecessary here because Mencia's timeliness argument fails as a matter of law.

A motion to vacate must generally be filed within one year of "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That limitations period may restart under section 2255(f)(3) when the Supreme Court recognizes a new right and makes it retroactively applicable to cases on collateral review. *See id.* § 2255(f)(3). Mencia argues that he benefits from that alternative limitations period, but we disagree.

Neither *Ruan* nor *Duldulao* triggers this alternative limitations period. The Supreme Court decided *Ruan* in 2022, *before* Mencia's conviction became final in 2023. A Supreme Court decision issued before a conviction becomes final cannot serve as a change in law to restart the limitations period. *See id.* And *Duldulao* is a decision from this Court, not the Supreme Court. Under the plain text of section 2255(f)(3), only Supreme Court decisions can restart the limitations period. *See id.*

We **AFFIRM** the denial of Mencia's motion to vacate.